# Blank *v.* Barnhart.

*Appeals—Charge of the court—Review.*

Where on review the complaint is that the charge was inadequate or one-sided, and particular error of law, or misstatement of the evidence, cannot be pointed out, the court will be reviewed on the general effect of the charge, and not upon sentences or paragraphs disconnected from the context which qualifies and explains them; if, as a whole, the charge was calculated to mislead, there is error in the record; if not there is none.

The extent to which a trial judge ought to go in reviewing, analyzing and commenting on testimony depends very largely upon the circumstances of the case, and, to some extent, upon the line of argument pursued by counsel in addressing the jury. Generally it must be left to his sound discretion. It is only in exceptional cases, as for example, where it plainly appears that the charge is so inadequate in this regard as to be misleading, or where by indirection, it withdraws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon a general complaint that the charge is inadequate and misleading.

*Trespass—Division line—Charge of court.*

In an action of trespass where the question in dispute is the true location of a line, the appellate court will not reverse a judgment, because the trial judge for purposes of convenience spoke of a line which was eighteen and three tenths rods long as an eighteen rod line, where the dispute as to the precise length of the line, and as to its terminal point was fairly presented to the jury, and left to their determination.

*Appeals—Assignments of error.*

The Superior Court will enforce the reasonable rule that assignments of error to the charge of the court, or to answers to points, must quote the part of the charge or the points and answers to which objection is taken.

Argued April 16, 1901. Appeal, No. 92, April T., 1901, by defendants, from judgment of C. P. Westmoreland County, Aug. T., 1898, No. 500, on verdict for plaintiff in case of John J. Blank v. William R. Barnhart, William F. Shrum and George Barnhart. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Trespass for encroaching on land. Before DOTY, P. J.

214, (1901.)]    Charge of Court—Opinion of the Court.

The court charged in part as follows:

The dispute here is about a division line, or, speaking with greater accuracy, the whole dispute here is about a corner.] [1]

[The white oak tree, as we have said, is a monument that all admit marks a corner in the other line, and on these surveys the distance is marked eighteen rods; some of them eighteen and three tenths, but eighteen rods more nearly corresponds, as the defendant contends, to the actual distance (as it has now been measured by recent surveys) between the white oak and the stone] [2] than between the white oak and the post.

Verdict and judgment for plaintiff.   Defendant appealed.

*Errors assigned* were (1, 2) portions of charge as above, quoting them. (3–11) Various matters in the charge and answers to points, without quoting the portions of the charge or the answers to the points, complained of.

*John B. Steel* and *D. S. Atkinson*, of *Atkinson & Peoples*, for appellant.

*James S. Moorhead*, with him *John B. Head*, for appellee.

OPINION BY RICE, P. J., May 23, 1901:

The question involved in this case, as concisely stated by the appellant's counsel, was the true location of a disputed line between the lands of plaintiff and defendant, and the precise point at which that line terminates.   The question depended for its solution upon the conflicting testimony of witnesses, and, therefore, was for the jury.   This is not controverted, the defendant's sole complaint being of the manner in which it was submitted.

The first assignment of error includes only part of a sentence, the whole of which was as follows:  " The dispute here is about a division line, or, speaking with greater accuracy, the whole dispute here is about a corner."   This was the opening sentence of the judge's charge and was a fair statement in general terms of the controlling question of fact in the case.

The second assignment likewise presents but part of a sentence, which as a whole was as follows:  " The white oak tree, as we have said, is a monument that all admit marks a corner

in the other line, and on these surveys the distance is marked
eighteen rods; some of them eighteen and three tenths, but
eighteen rods more nearly corresponds, as the defendant con-
tends, to the actual distance (as it has now been measured
by recent surveys) between the white oak and the stone than
between the white oak and the post." Judging from the ex-
ception taken at the trial, the defendant's complaint was that
the court erred in calling this an eighteen rod line instead of
an eighteen and three tenths rod line, and in stating their ex-
ception the counsel apparently fell into the same error, if it
was an error, of which they complained. It seems to us that
the exception was hypercritical. For purposes of convenience
the line was spoken of as an eighteen rod line, but the dispute
as to the precise length of it and as to its terminal point was
fairly presented to the jury, and left to their determination.
The defendant claimed that the line went to the stone, whereas
the plaintiff claimed that it terminated at or near the post, and
even if, when listening to the evidence, the jury had failed to
fully apprehend the respective contentions of the parties upon
this point, we do not see how they could have failed to do so
after listening to the charge.

The principles of law called to the jury's attention in the
plaintiff's three points, which were affirmed, are so well settled
as not to require the citation of authorities. Their applicabil-
ity to the case on trial, so far as they related to the controlling
importance of monuments and marks on the ground, is clearly
shown by a bare reference to the facts submitted for the jury's
determination in the second point.

All of the assignments of error, excepting the first two, (and
even they are subject to criticism, as we have seen) were framed
without regard to the familiar and long established rule of
court, that "when the error assigned is to the charge of the
court, or to answers to points, the part of the charge or the
points and answers referred to must be quoted totidem verbis
in the specification." The rule is reasonable and plain and has
been enforced in numerous recent cases, both by the Supreme
Court and this court. The truth is, the defendants would have
found great difficulty in singling out any particular portion of
the charge upon the several questions referred to in the speci-
fications, and showing that it was erroneous. This, probably,

accounts for the failure to comply with the rule of court, the burden of the defendant's complaint being that the charge, taken as a whole, was inadequate and one-sided. Assuming that the assignments were framed with the view of raising this question, it is to be observed that the defendant presented no request for special instructions. Where, in such a case, the complaint is, that the charge was inadequate or one-sided, and particular error of law, or misstatement of the evidence cannot be pointed out, the court will be reviewed on the general effect of the charge, and not upon sentences or paragraphs disconnected from the context which qualifies and explains them; if, as a whole, the charge was calculated to mislead, there is error in the record; if not there is none: McNeile v. Cridland, 6 Pa. Superior Ct. 428; Ginder v. Bachman, 8 Pa. Superior Ct. 405, and cases there cited. As we have had occasion to remark in recent cases the extent to which a trial judge ought to go in reviewing, analyzing and commenting on testimony depends very largely upon the circumstances of the case, and, to some extent, upon the line of argument pursued by counsel in addressing the jury. Generally it must be left to his sound discretion. It is only in exceptional cases, as for example, where it plainly appears that the charge is so inadequate in this regard as to be misleading, or where by indirection it withdraws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon a general exception of this nature. In this connection the remarks of Mr. Justice MITCHELL in Commonwealth v. Kaiser, 184 Pa. 493, may be appropriately quoted: " It is complained that here and there items that bore in favor of prisoner were not especially mentioned. It is probable that the commonwealth might make the same complaint. It is not possible nor even desirable that the judge should refer to and emphasize every item of evidence on both sides in a way that the counsel would consider adequate. In doing so he would run much risk of coming to speak as an advocate rather than a judge. Nor is he required to go over all the evidence on any particular point every time he refers to the point in the course of his charge.

It is enough if he gives to the jury a general review of the evidence on the one side and the other, which fairly and adequately presents the respective contentions of the parties, with enough reference to the items of evidence to assist the jury in recalling it as a substantial whole, and to appreciate its bearing." We are of opinion that the charge delivered by the learned trial judge came fully up to this standard, and was neither inadequate nor one-sided.

Judgment affirmed.