## Commonwealth *v.* Wertheimer, Appellant.

*Trial—Charge—Reviewing testimony—Discretion of court.*

The extent to which the trial judge ought to go in reviewing, analyzing and commenting on testimony depends very largely upon the circumstances of the case, and to some extent upon the line of argument pursued by counsel in addressing a jury. Generally it must be left to his sound discretion. It is only in exceptional cases, as, for example, where it plainly appears that the charge is so inadequate in this regard as to be misleading, or where by indirection it draws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party and to belittle those introduced by the other party, that the court will be reversed upon a general exception to the inadequacy of the charge.

Argued Nov. 14, 1902. Appeal, No. 135, Oct. T., 1902, by defendant, from judgment of Q. S. June T., 1901, No. 237, on verdict of guilty in case of Commonwealth v. Nathaniel S. Wertheimer et al. Before BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for conspiracy.
Verdict of guilty.

*Error assigned* was as follows : (1) The learned judge erred in the charge to the jury in that the charge was argumentative in its character, and called undue attention to certain testimony produced by the commonwealth, and failed to state the testimony produced by the defendants, said charge being as follows, quoting the charge in full.

*W. K. Stevens,* of *Stevens & Stevens,* and *George S. Graham,* with them *William J. Rourke,* for appellant.

*E. J. Nathan,* of *Cardozo & Nathan,* and *C. H. Ruhl,* with them *George W. Wagner,* district attorney, *A. H. Rothermel* and *H. P. Keiser,* for appellee.

OPINION BY ORLADY, J., May 22, 1903 :

The defendant, with two others, was indicted upon a charge of conspiracy to cheat and defraud a fire insurance company by means of a false proof of loss. After a nine days' trial, the defendants were convicted. The testimony covers over 500 pages and the only assignment of error is to the charge of the court below, the appellant contending that the trial judge prominently presented the theory and strong features of the prosecution and ignored the theory of the defendants and the facts upon which it was based, and that the charge was in the nature of an argument in answer to the closing argument of the defendants' counsel. No points were submitted by the defendants asking for special instructions, and after a careful examination of the charge and all of the testimony, we are satisfied that the case was fairly tried. The jury was cautioned a number of times to examine all the testimony carefully and dispassionately, with perfect impartiality towards both sides, to consider the credibility of the witnesses, to look at the circumstances under which they testified, to examine their testimony through the bias that might surround it, whether it might be the effect of prejudice, passion, feeling or interest, to reconcile, if possible, discrepancies in the evidence, but above all to reach the truth through the evidence and that alone. The defendants were represented by able and zealous counsel, who strenuously presented their theory of the cause. The facts presented on the part of the commonwealth and the defendant, while representing

many transactions in large amounts, both at Reading and in New York, were, so far as the guilt or innocence of the defendants is concerned, confined to a narrow scope. In calling the attention of the jury to the contradictions in the testimony of the defendants and of Dora Harris, the court fairly explained to the jury that he did not review all the testimony, and directed them to give all the questions raised by the testimony a careful and painstaking consideration. It cannot be said that the charge was inadequate or one-sided, or that there was any likelihood of the jury being diverted from the duty of considering all that had been offered. This question has been frequently before the appellate courts, and as stated by RICE, P. J., in Blank v. Barnhart, 17 Pa. Superior Ct. 214 : "The extent to which a trial judge ought to go in reviewing, analysing and commenting on testimony depends very largely upon the circumstances of the case and to some extent upon the line of argument pursued by counsel in addressing a jury. Generally it must be left to his sound discretion. It is only in exceptional cases, as for example, where it plainly appears that the charge is so inadequate in this regard as to be misleading, or where by indirection it withdraws the attention of the jury from material issues or evidence, or from matters entering as necessary elements into the decision of the question at issue, or where its tendency as a whole is to unduly magnify the importance of the proofs introduced by one party, and to belittle those introduced by the other party, that the court will be reversed upon a general exception of this nature." Measured by this standard, the charge of the court below is clearly within the rule of safety. See also Commonwealth v. Kay, 14 Pa. Superior Ct. 376 ; Commonwealth v. Winkleman, 12 Pa. Superior Ct. 497 ; Commonwealth v. Kaiser, 184 Pa. 493.

The assignments of error are overruled and the judgment is affirmed, and it is ordered that the record be remitted to the end that the sentence be carried into that effect.