# Gilkey *v.* Waverly, Sayre and Athens Traction Co., Appellant.

*Negligence injuries—Street railways—Contributory negligence—Passenger alighting from car—Charge of court.*

1. In an action by a passenger against a street railway company to recover damages for personal injuries, the case is for the jury where plaintiff and other witnesses testify that the open summer car upon which plaintiff was a passenger had stopped at an intersecting street and was started with a sudden jerk while plaintiff was attempting to step from the running board and that plaintiff did not get up from her seat for the purpose of leaving the car until it had come to a full stop.

2. Where in such a case some of the witnesses testify that the car stopped at the intersecting street named as the stopping place by the plaintiff and others testify that the car stopped at an inter-secting street 126 feet farther on, the court commits no error in charging that it did not "make very much difference" whether the car stopped at the one street or the other. The crucial question in such a case is, did the car stop for the purpose of allowing plaintiff to alight and was it suddenly started while she was in the act of stepping from the running board? The right of the plaintiff to recover does not depend upon the exact spot where the car stopped, but upon proof that it did stop for the purpose of allowing the plaintiff to get off, and was then suddenly started while she was in the act of alighting.

3. As the only contributory negligence involved in such a case is the alleged attempt to alight from the car while it was in mo-tion, there is no merit in the complaint that the trial judge failed to fully define contributory negligence, where the jury were instructed that if plaintiff undertook to get off the car while it was in motion, she was guilty of contributory negligence and could not recover, and this is especially so where at the conclusion of his charge the trial judge asked whether there was anything further that counsel wished him to say to the jury and received a negative reply.

4. A point submitted by the defendant in such a case is properly refused which is somewhat involved, argumentative and in effect asks that a verdict be directed for the defendant.

Argued March 17, 1913.   Appeal, No. 304, Jan. T., 1912, by defendant, from judgment of C. P. Bradford

Co., May T., 1910, No. 32, on verdict for plaintiff in case
of Myron W. Gilkey and Etta Gilkey, his wife, v.
Waverly, Sayre & Athens Traction Co. Before FELL,
C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.
Affirmed.

Trespass to recover damages for personal injuries.
Before CAMERON, P. J., specially presiding.

The opinion of the Supreme Court states the case.

Verdict for Myron W. Gilkey for $800 and for Etta
Gilkey for $3,125, and judgment thereon. Defendant
appealed.

*Errors assigned* are sufficiently explained in the
opinion of the Supreme Court.

*J. Roy Lilley,* of *Lilley & Wilson,* and *Mial Lilley,*
with them *Mills & Schrier,* for appellant.

*Stephen H. Smith,* with him *H. Stanley Winlack,* for
appellee.

OPINION BY MR. JUSTICE BROWN, May 5, 1913:

On the evening of September 23, 1909, Etta Gilkey,
one of the appellees, boarded a car of the defendant com-
pany in the Borough of Athens, Bradford County, for
the purpose of being carried to the town of Sayre, in
the same county. It was an open summer car, with
seats running crosswise. When the appellee and a com-
panion got on the car they notified the conductor that
they wished to alight at Pleasant street, which runs
west from Keystone avenue, in the town of Sayre, on
which the tracks of the defendant company are laid.
Mrs. Gilkey and her companion both testified that the
car did not stop at Pleasant street, but did stop at Lake
street, which runs west from Keystone avenue, about
four hundred feet farther north. The complaint of Mrs.
Gilkey and her husband is that, when the car stopped

at that point and she was about to alight from it, it started with a sudden jerk and she sustained serious injuries by being thrown to the ground. Another witness testified that the car stopped at Lake street, and, according to the testimony of these three witnesses and that of several others, the car started as Mrs. Gilkey was attempting to step from the running board. There was also testimony that she did not get up from her seat for the purpose of leaving the car until it had come to a full stop. On the case as presented by the plaintiffs the only real question for the jury was the amount of compensation to be awarded to them. Recovery was resisted on the ground that Mrs. Gilkey arose from her seat while the car was in motion and attempted to get off while it was still moving. This contention was supported by the testimony of defendant's witnesses, but it was for the jury, after hearing both sides, to decide between them.

Maple street runs east from Keystone avenue, one hundred and twenty-six feet south of Lake street, and witnesses for the defendant testified that the car stopped there and did not stop at Lake street, but at a point beyond. It is earnestly contended that, if this be true, Mrs. Gilkey must have been thrown from the car in attempting to get off while it was in motion between the two streets, and this would be so if the witnesses for the defendant were to be believed by the jury. The distance between Lake street and Maple street is but one hundred and twenty-six feet, and, while some witnesses testified that the car stopped at the former, and others at the latter, their testimony is not irreconcilable in view of the short distance between the streets. That the car did stop in the vicinity of one or the other is an established fact, and we cannot, therefore, say there was error in anything said by the learned trial judge in those portions of his charge which are the subjects of the first, second, third and fourth assignments of error. The crucial question in the case was,

Did the car stop for the purpose of allowing Mrs. Gilkey and other passengers to alight, and was it suddenly started while she was in the act of stepping from the running board? The right of the plaintiffs to recover does not depend upon the exact spot where the car stopped, but upon proof that it did stop for the purpose of allowing the plaintiff to get off, and was then sud- denly started while she was in the act of alighting. The following instructions, complained of by the first four assignments, are self vindicating: "We do not think it makes very much difference whether the car stopped at Maple street or Lake street. All the evidence seems to indicate that the car stopped in that vicinity, either Lake street or Maple street, or between Lake street and Maple street...... No matter whether it was Lake street or Maple street, if it were a street where people get off and on, or if the stop was made for that purpose, she had a right to get off in a reasonably expeditious way, and it was the duty of the conductor to have that car stand until she had got off, and in giving her time to get off it was his duty to take into account the cir- cumstances—the crowded condition of the car, the agil- ity or slowness of movement, and size of Mrs. Gilkey, and give her a reasonable time to get off....... I have merely called your attention to the one point as to the stopping and starting of this car—where it stopped and where it started—and while I do not consider that a crucial question in the case still it throws light on the situation there at that time...... To put it briefly, if this woman started to get off when the car stopped no matter whether it was Maple street or Lake street, if the car stopped for the purpose of letting passengers off and on, it was the duty of the conductor to see to it that Mrs. Gilkey had time to get off; and if you find that the car did stop and after it stopped she under- took to get off and was thrown off, as she details herself, you would be justified in returning a verdict for the

plaintiff, if you further find that she was not negligent herself and that negligence contributed to the injury."

Complaint is made of the failure of the trial judge to fully define contributory negligence. The only contributory negligence involved in the case was the alleged attempt of Mrs. Gilkey to alight from the car while it was in motion, and the jury were instructed that, if she undertook to get off the car while it was in motion, she was guilty of contributory negligence and could not recover. No fuller instruction as to contributory negligence was called for, but, if counsel for appellant thought differently, they were given the opportunity to ask for it, when, at the conclusion of his charge, the learned trial judge said: "Is there anything further that you wish me to say to the jury, or have I omitted anything?"

The fourth point submitted by the defendant was properly refused. It was somewhat involved, was argumentative and, in effect, asked that a verdict be directed for the defendant. Besides, all the instruction to which the defendant was entitled in support of its contention had been given to the jury in the court's affirmance of its third point, which was as follows: "If the jury find from the evidence that the car stopped about five feet north of the crossing at Maple street and did not again stop until after the accident, but proceeded from its place of stopping near Maple street, at a rate of about three or four miles an hour to the place of the accident, and if they find that the plaintiff was not thrown from the car by a sudden jerk when it started, but that she fell from the car after being carried some distance along Keystone avenue to about in front of the house of John Brainard, the plaintiff cannot recover."

Nothing developed in the cross-examination of Grant, a witness for the defendant, required the court to permit defendant's counsel to ask him, on redirect-examination, the disallowed questions which are the subjects of the tenth and eleventh assignments, and they are ac-

cordingly overruled.   No merit is discoverable in any of the complaints of the appellant.   The case, which was for the jury, was submitted to them in an adequate charge, to which the court offered to add anything further, if counsel on either side should so request.   If fuller instructions were desired, counsel now complaining should have responded to the learned judge's suggestion and requested such detailed instructions as were desired: Grossbaum Ceramic Art Syndicate v. Insurance Company, 213 Pa. 506.   No request for further instruction was made.   The charge was apparently deemed adequate by counsel for appellant at the time it was delivered, and if so, it is rather late to complain of its inadequacy after an adverse verdict and judgment.

Judgment affirmed.