## Hayter v. Sileo, Appellant.

Argued June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Marjorie A. Weiss,* for appellant.

*Raymond J. Quaglia,* for appellee.

OPINION BY JACOBS, J., September 23, 1974:

This is an appeal from the trial court's grant of a motion for new trial. For the reasons stated hereinafter, we affirm.

This case arose from an automobile accident which occurred at approximately 1:30 a.m. on April 20, 1960. While the defendant, Sileo, was driving north on 22nd Street in the City of Philadelphia, with the plaintiff, Hayter, riding as a passenger in his car, another vehicle, driven by Yeager, was traveling east on Green Street. As the two automobiles approached the intersection of 22nd Street and Green Street, the Sileo automobile, traveling through a yellow-flashing traffic light, struck the left front of Yeager's car which had proceeded without stopping through a flashing red light governing Green Street. The sole issue at trial was whether or not Sileo was negligent.

At the conclusion of the case the jury returned a verdict in favor of the defendant, after which the court granted plaintiff's motion for a new trial on the ground that the verdict was contrary to the weight of the evidence. Upon a review of the evidence[1] we are convinced that this action by the court below was correct.

---

[1] Our task on review "is to view all of the evidence and to determine whether the trial court abused its discretion or committed an error of law in granting . . . the motion for a new trial." *Hand-*

The defendant driver testified that he slowed his vehicle from 20 to 15 miles per hour as he approached the intersection and that he failed to see the other vehicle as it approached because of poor visibility conditions and because the Yeager vehicle was being operated without headlights. His testimony also reveals, however, that after he slowed his vehicle and saw no approaching traffic he began to accelerate until he saw the other vehicle approximately 15 feet before impact. He stated that he heard a squeal of brakes from the other vehicle and that he immediately applied his own brakes. In other words, the sequence revealed is this: the defendant slowed and looked but saw no traffic, he then accelerated, heard the brakes from the other vehicle, and applied his own brakes immediately before impact. His own evidence shows, however, that the skidmarks from his auto began 18 feet before the intersection.

As stated in the trial judge's charge upon the request of both parties, "[a] traffic signal illuminated by a rapid intermittent yellow flashes [sic] indicates caution. An operator approaching such a signal must reduce the speed of his vehicle and look for oncoming traffic before entering and while proceeding through the intersection." Record at 152a. It is clear from the defendant's own testimony that he did not meet this standard of care. Instead of slowing down in observance of the caution signal, he began to accelerate more than 20 feet before the intersection. As such, he was acting contrary to the standard of care which the law requires. This breach of a duty of care where the sole issue was the defendant's negligence is sufficient to sustain the trial court's grant of a new trial. "The granting of a new trial is an inherent power and immemorial right of the trial court . . .," *Frank v. W. S.*

*finger v. Phila. Gas Works*, 439 Pa. 130, 136, 266 A. 2d 769, 772 (1970).

*Losier & Co., Inc.,* 361 Pa. 272, 276, 64 A. 2d 829, 831 (1949), and "it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice. . . ." *Getz v. Balliet,* 431 Pa. 441, 443, 246 A. 2d 108, 109 (1968), *quoting Clewell v. Pummer,* 388 Pa. 592, 598, 131 A. 2d 375, 378 (1957).

Orders affirmed.