Cohen, et al., Appellants, *v.* Kalodner, et al.

Argued March 24, 1975. Before WATKINS, P. J., JACOBS, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (HOFFMAN, J., absent).

*Barton A. Haines,* for appellants.

*Francis E. Shields,* with him *Dolores B. Spina,* and *Pepper, Hamilton & Scheetz,* for appellee, Alfred L. Kalodner, M.D.

*Walter R. Milbourne,* with him *Obermayer, Rebmann, Maxwell & Hippel,* for appellee, Albert Einstein Medical Center.

OPINION BY CERCONE, J., September 22, 1975:

On August 29, 1967, Brendi Cohen gave birth to a baby boy which died one and one-half hours later. As a result Brendi Cohen, on her own behalf, and as administratrix of the estate of her deceased child, brought an action alleging malpractice by defendants Dr. Alfred Kalodner and the Albert Einstein Medical Center. A jury trial was held and a verdict was returned for the defendants. A motion for a new trial was filed and after consideration of submitted briefs the motion was denied. Plaintiffs have now appealed to this court raising only one issue, which concerns an instruction to the jury. Plaintiffs contend that the denial of the following point for charge was error. The request in question is as follows:

"The plaintiff, Baby Boy Cohen, must prove by the fair preponderance of the evidence that the act or acts constituting negligence and the departure from the standard of ordinary reasonable medical care, increased the risk of harm to him. In other words, when a doctor and/or a hospital undertake to render medical services which they should recognize as necessary for

the protection of another person's health and safety, they are subject to liability to the patient for physical harm resulting from their failure to exercise reasonable care in the performance of this undertaking, if the failure to exercise such care increases the risk of harm to the patient."

The lower court felt that the requested point for charge asserted that a finding of negligence and increased risk of harm alone establish causation and liability. Based on this interpretation of the language, the lower court then concluded that this was not the law in Pennsylvania in that when this court accepted Section 323 of Restatement, 2d, Torts,[1] in *Hamil v. Bashline,* 224 Pa. Superior Ct. 407 (1973), we stated at p. 417: "[t]he defendant is not, under Section 323 liable merely for having increased the risk of death, but the evidence of the increased risk of death is under subsection (a) of that section for the jury's consideration on the factual issue whether the death was caused by defendant's failure to use reasonable care."

The appellants' requested point for charge is, depending on one's interpretation, at best confusing and at worst a misstatement of the law. The first sentence clearly gives the implication that appellant can recover by proving only negligence and increased risk of harm. The second sentence does address the necessity of proving causation but it does not sufficiently cure the confusion resulting from

---

1. Section 323 of Restatement, 2d, Torts, provides as follows:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking."

the first sentence. It has always been the law in this Commonwealth that courts should not give conflicting or confusing instructions, *Acquaviva v. Hartman,* 203 Pa. Superior Ct. 505, 509 (1964), and therefore it was proper that the lower court refused the point for charge.

Order affirmed.

HOFFMAN, J., took no part in the consideration or decision of this case.