393 A.2d 742

**Frederick W. OSTERRITTER, Appellant,**

v.

**Charles H. HOLL**

v.

**MOSITES CONSTRUCTION CO., a corporation, and Glasgow, Inc., a corporation.**

Superior Court of Pennsylvania.

Argued April 17, 1978.

Decided Oct. 20, 1978.

114

Albert G. Feczko, Jr., Pittsburgh, for appellant.

Robert E. Wayman, Pittsburgh, with him Eugene F. Scanlon, Jr., Pittsburgh, for appellees.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PER CURIAM:

This trespass action arises out of a rear end collision involving a dump truck and an automobile on the Parkway West in Allegheny County on December 1, 1971. Following a jury trial, verdicts were returned for both plaintiffs. The court decided that the verdicts were inconsistent and resubmitted the case to the jury following an additional charge. Verdicts were then returned in favor of all defendants. Appellant's motion for a new trial was denied and he filed this appeal arguing, inter alia, that the court's charge to the jury was so conflicting and ambiguous as to preclude the jury from properly discharging its duty. We agree and order a new trial.

Certain facts were not in dispute. On the day in question, Glasgow, Inc., appellee herein, was engaged in road construction on the inbound lanes of the Parkway West in and about the area of the I–79 Interchange. Appellant-plaintiff

Osterritter, an employee of Glasgow, parked his dump truck owned by Glasgow, that morning in the right-hand lane of the inbound roadway as protection for the construction men working on the road immediately in front of the truck.

It was bitterly contested whether Osterritter and Glasgow took proper measures in warning inbound traffic of the approaching construction area. Plaintiff-appellant's witnesses testified to the effect one Hickman, also a Glasgow employee, acted as flagman and, attired in a red vest, stood 150–200 feet behind the dump truck, waving traffic into the left lane in order to warn them of the parked dump truck ahead. Various signs were also placed at certain distances behind the truck warning of hazards ahead, cautioning motorists to reduce speed and to drive only in the left lane. On the back of the dump truck, in which appellant remained seated, was displayed a large sign with a directional arrow and flashing red lights.

Appellee-defendant Holl testified he was driving his car inbound around noon in the left-hand lane of the Parkway West. He noticed no signs posted on the road, nor did he see a flagman. A large garbage truck, traveling in the right-hand lane suddenly veered in front of Holl.[1] In an attempt to avoid a collision, Holl swerved into the right lane and seconds later ran into the rear of appellant Osterritter's dump truck. Both Holl and Osterritter sustained injuries. Osterritter was seated in the truck at the time.

Osterritter filed a complaint at No. 1819 July Term, 1973, against Holl. Glasgow was joined as additional defendant.[2] Holl later filed a complaint against Glasgow, at No. 2471 January Term, 1974. The two cases were consolidated for trial.[3]

1. The operator of the garbage truck has unfortunately remained a mystery to this day.

2. A second additional defendant, Mosites Construction Co., was later dismissed from the suit.

3. Only the case at No. 1819 is before this court. The verdict at No. 2471 was not appealed.

The stumbling block of the court's charge to the jury was whether verdicts could consistently be returned in favor of both plaintiffs, Osterritter and Holl. In its principal charge, the court on two occasions instructed the jury that such verdicts would be inconsistent and could not be returned.[4] (N.T. 282a, 287a). Holl's counsel excepted and the court gave this additional charge:

In the case of [*Osterritter v. Holl*] and Glasgow, Inc., you will have the possibility of a verdict in favor of the plaintiff against either or both of the two defendants, in which event you will indicate this one the verdict slip . . You could find a verdict in favor of either or both of the defendants against the plaintiff, in which event you would also indicate that.

In the case of *Holl v. Glasgow, Inc.*, you could find a verdict in favor of Glasgow in which event you would indicate we found a verdict for Glasgow, Inc., and against Mr. Holl, or you can find a verdict in favor of Mr. Holl against Glasgow. (N.T. 211–12a)

This charge could be interpreted by the jury as allowing them to return verdicts in favor of both plaintiffs, thus contradicting the previous instructions forbidding such a result. No attempt was made by the court to reconcile the conflicting charges.

The jury's confusion became manifest when, after deliberating 2½ hours, it sent a note to the trial court: "Judge Smith, considering this as two separate cases, can Glasgow be held liable for Mr. Holl and Mr. Osterritter for negligence?" The court re-charged that Glasgow could be liable to Osterritter so long as Osterritter himself was not negligent and that Glasgow could also be liable to Holl so long as an employee of Glasgow other than Osterritter was negligent (N.T. 300–1a). This charge, again, contradicted the previous instructions on potential verdicts. The jury was

4. This charge was in error, as all parties concede in this court. The jury could find, in No. 1819, that Glasgow was negligent, but not Holl. This would leave them free to find for Holl in No. 2471. Hence, both plaintiffs, under these circumstances, could prevail.

not admonished to disregard previous inconsistent charges, but were left to themselves to reconcile the two views.

The jury's confusion was again apparent when it returned verdicts *against* Holl in the first case (No. 1819) and *for* Holl in the second (No. 2471), an inherently inconsistent result (N.T. 307–8a). The court briefly recharged on contributory negligence and resubmitted the case. Shortly thereafter the jury returned, finding both plaintiffs negligent, as well as Glasgow. The court molded the verdicts to read: "Judgment for defendants in all cases."

■ In *Smith v. Clark,* 411 Pa. 142, 190 A.2d 441 (1963), the Supreme Court stated, "It is basic to a fair trial that the issues be clearly defined for a jury's intelligent understanding and that in determining if prejudicial error is present, the entire charge must be considered and its general effect noted . . . A trial judge may properly define all pertinent questions of law, but if he fails to clarify the issues and the application of the law to the facts, a fair trial is not present." id. at 147, 190 A.2d at 443. The charge should be clear and precise and so couched as not to confuse the jury. *Cohen v. Kalodner,* 236 Pa.Super. 124, 345 A.2d 235 (1975); *Ryan v. Furey,* 225 Pa.Super. 294, 303 A.2d 221 (1973); *Acquaviva v. Hartman,* 203 Pa.Super. 505, 201 A.2d 239 (1964).

■■ Reading the court's charge as a whole in conjunction with the jury's response, we are constrained to agree with appellant that the overall effect of the charge was confusion and ambiguity. The charge contained internal inconsistencies on the potential liabilities of the parties with no attempt to resolve the conflict. The scope of the jury's confusion is apparent by their note requesting clarification and by the two verdicts returned, one of which reversed the other. Under these circumstances, the jury was clearly hampered in properly discharging its duty.[5]

5. Of course, contradictory instructions are not always reversible error. An erroneous statement of law in one portion of the charge can be rendered harmless by a subsequent correct statement of the same principles if the jury is clearly instructed that the later state-

■ Appellees urge us to find that appellant was waived his right to challenge the confusing instructions by failure to specifically object at trial. Pa.Rules of Civil P. 227. Our examination of the record, however, reveals that appellant's counsel excepted each time the court announced it would recharge the jury on potential verdicts, (N.T. 291a; 293a; 297a; 304a; 311a). We construe counsel's exceptions as attempts to prevent further repetition and obfuscation of the issues. This is the precise claim he has raised in this court. See *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974).

Order reversed and new trial granted.

SPAETH, J., concurs in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.

ment and not the earlier one is the correct statement of the principle. See 6 Standard Pa.Prac. 469. No such cautionary instructions were given in the instant charge.