431 A.2d 303

Carmen A. PERIGO, Carol Perigo and Craig A. Perigo, a minor, by Carmen A. Perigo and Carol Perigo, his guardians,

v.

Mary Beth DEEGAN, Appellant,

v.

Carmen A. PERIGO.

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed June 12, 1981.

Edward G. Kuyat, Jr., Johnstown, for appellant.

Nathaniel A. Barbera, Somerset, for Perigo, et al., appellees.

James F. O'Malley, Johnstown, for Carmen Perigo, appellee.

Before CAVANAUGH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in: (1) failing to find appellee Carmen A. Perigo contributorily negligent as a matter of law; (2) instructing the jury on the theory of wanton or reckless misconduct; (3) denying appellant's two points for charge on the issue of contributory negligence; and (4) failing to specifically instruct the jury that Carmen A. Perigo's medical bills and lost wages could not be considered in awarding damages. We disagree with these contentions and, accordingly, affirm the judgment of the lower court.

On July 8, 1976, at approximately 4:00 p.m., Carmen A. Perigo was driving his car eastward on U.S. Route 30. His wife and son were passengers in the vehicle. He slowed his car as it rounded a curve at the top of a hill which was near the intersection of Route 30 and Pennsylvania Route 601. He then looked to the left and right, and, seeing no traffic, proceeded into the intersection. Meanwhile, appellant, Mary Beth Deegan, was driving south on Route 601 toward the

intersection. She passed signs indicating "Stop Ahead," "Junction Rt. 30," and "Stop." She testified also that although she had seen a flashing red light at the intersection, she did not know what it meant. She entered the intersection at a speed of 40 miles per hour, whereupon she collided with the right rear section of the Perigo vehicle. Mr. Perigo suffered a broken neck, and his son sustained minor injuries. The Perigos commenced this action against Ms. Deegan, alleging that she had been negligent and guilty of wanton and reckless misconduct. Ms. Deegan subsequently joined Mr. Perigo as an additional defendant, alleging that his negligence caused his son's injuries. Additionally, she contended that Mr. Perigo was contributorily negligent. At trial, the lower court instructed the jury, *inter alia*, on the theories of negligence, wanton and reckless misconduct, and contributory negligence. The jury returned verdicts in the amount of $72,000 for Mr. and Mrs. Perigo against Ms. Deegan, and $3,500 for Craig Perigo against Ms. Deegan only. The lower court thereafter denied Ms. Deegan's motions for judgment n.o.v. or a new trial. This appeal followed.

Appellant contends first that the lower court erred in denying her motions for a compulsory nonsuit and a directed verdict because Mr. Perigo was contributorily negligent as a matter of law. "[C]ontributory negligence may be adjudged as a matter of law only in clear cases where the facts are indisputably fixed and there can be no reasonable doubt as to the inferences properly to be drawn from them . . . ." *Sargeant v. Ayers*, 358 Pa. 393, 397, 57 A.2d 881, 883 (1948) (citations omitted). *Accord, Lavely v. Wolota*, 253 Pa.Super. 196, 202, 384 A.2d 1298, 1302 (1978); *Kimbob, Inc. v. Jumper*, 201 Pa.Super. 559, 565, 193 A.2d 653, 656 (1963). "[H]owever, if there is any evidence upon the consideration of which reasonable minded individuals might disagree as to whether or not the plaintiff was guilty of negligence which contributed to the accident, then the question of such contributory negligence is for the jury, not for the court, to determine . . . ." *Heffernan v. Rosser*, 419 Pa. 550, 555, 215

A.2d 655, 658 (1966)(citations omitted). Viewing the record in the light most favorable to appellees, as we must,[1] we conclude that there was conflicting evidence as to whether Mr. Perigo was contributorily negligent. He testified at trial that he slowed down as he rounded the curve at the top of the hill, looked to the left and right, and saw no traffic. He further testified that he continued to observe the controlled intersection as he went down the hill and entered it. On cross-examination, Mr. Perigo admitted that he had slowed approximately two-tenths of a mile before entering the intersection and continued at a rate of 35 to 40 miles per hour into the intersection, which was controlled by a flashing yellow light. Appellant then questioned him as to allegedly inconsistent testimony at his deposition regarding whether and when he had looked to the left and right. On re-direct examination, Mr. Perigo testified that he had been confused by the deposition question and that he was positive that he had looked to the left and right before entering the intersection. This raised a conflict in his testimony which was for the jury to resolve. *See, e. g., Parker v. Yellow Cab Co.*, 391 Pa. 566, 572, 137 A.2d 317, 320 (1958). Moreover, although a driver entering a controlled intersection has a duty to observe opposing traffic and traffic signals, Mr. Perigo was nevertheless entitled to assume that a driver approaching on the intersecting roadway would heed the signs and flashing red light. *See Bascelli v. Bucci*, 244 Pa.Super. 347, 368 A.2d 754 (1976); *Kimbob, Inc. v. Jumper, supra; Cericola v. Redmon*, 182 Pa.Super. 19, 124 A.2d 417 (1956). Thus, we cannot say that the evidence regarding Mr. Perigo's negligence was so clear that the lower court was required to remove the question from the jury's consideration. *Bascelli v. Bucci, supra*, 244 Pa.Super. at 358, 368 A.2d at 760.

Appellant contends next that the lower court erred in *sua sponte* instructing the jury on the theory of wanton and reckless misconduct. Only issues which are relevant to

---

1. *See Lambert v. Pittsburgh Railways Co.*, 405 Pa. 364, 175 A.2d 870 (1962) (directed verdict); *Kardibin v. Associated Hardware*, 284 Pa.Super. 586, 426 A.2d 649 (1981) (compulsory nonsuit).

the pleadings and proof may become the subject of a jury instruction. *See, e. g., Heymann v. Electric Service Manufacturing Co.*, 412 Pa. 338, 194 A.2d 429 (1963); *Hronis v. Wissinger*, 412 Pa. 434, 194 A.2d 885 (1963). "Although a certain burden rests on the litigants to submit written points for charge to the court requesting instructions on their theories of the case, it is the duty of the trial judge fully to instruct the jury as to the law applicable to the facts even in the absence of a request by the parties." 1 S. Feldman, *Pennsylvania Trial Guide* § 13.1 (1973). *See also Smith v. Clark*, 411 Pa. 142, 190 A.2d 411 (1963). Because wanton and reckless misconduct was properly raised by plaintiff's complaint and the proofs adduced at trial, the trial judge properly instructed on that theory even though it had not been argued by either counsel. *Yorkshire Worsted Mills v. National Transit Co.*, 28 Del. Co. Rpts. 402, 411 (C.P. Delaware Co. 1939). *Cf. Hrivnak v. Perrone*, 472 Pa. 348, 354–56, 372 A.2d 730, 732–33 (1977) (trial judge erred in *sua sponte* instructing jury on a theory of recovery raised by the pleadings but refuted by plaintiff's evidence at trial). Thus, the lower court did not err in instructing the jury on the theory of wanton and reckless misconduct.

Appellant next contends that the lower court erred in denying appellant's two requested points for charge on the issue of contributory negligence.[2] It is well settled that a trial judge may properly refuse a litigant's requested

**2.** Appellant requested the following instructions on the issue of contributory negligence:

1. A driver who does not look for traffic on an intersecting street before and while proceeding through an intersection controlled by a flashing yellow light is guilty of contributory negligence. Thus, if you find that Carmen Perigo entered the intersection at Route 30 and Route 601 without looking to his left and right before and while proceeding through the intersection, then you must find him guilty of contributory negligence and you must render a verdict for the defendant, Mary Beth Deegan. 75 Pa.C.S.A. Sec. 3114(A)(2); *Bascelli v. Bucci*, 244 Pa.Super. 347, 368 A.2d 754 (1976); *Hayter v. Sileo*, 230 Pa.Super. 329, 326 A.2d 462 (1974); *Allega v. Eastern Express Co.*, 378 Pa. 1, 105 A.2d 360 (1954).

2. A driver approaching a flashing yellow light at an intersection is required to reduce the speed of his vehicle and to proceed with caution before entering and while proceeding through the intersec-

instructions when the substance thereof had been adequately covered in the general charge. *See, e. g., Duffy v. National Janitorial Service, Inc.*, 429 Pa. 334, 240 A.2d 527 (1968); *Donaldson v. Sepesy*, 415 Pa. 194, 202 A.2d 823 (1964). The trial judge gave a general charge on the issue of contributory negligence (R. 407a) and read, verbatim, the applicable provisions of the Motor Vehicle Code (R. 409a–410a). Appellant's requests on the issue of contributory negligence would have duplicated the general charge. Additionally, appellant concedes that her requests were incomplete insofar as they omitted any discussion of the issue of proximate causation. Thus, the lower court properly refused her requested points for charge on the issue of contributory negligence. *See Gilkey v. Waverly, Sayre & Athens Co.*, 240 Pa. 528, 532, 87 A. 851, 852 (1913).

■ Appellant contends finally that the instructions on the issue of damages were misleading because the lower court failed to specifically charge that medical bills and lost wages cannot be considered in awarding damages pursuant to the Pennsylvania No-fault Motor Vehicle Insurance Act.[3] We disagree. It is well settled that "[t]he charge should be clear and precise and so couched as not to confuse the jury." *Osterritter v. Holl*, 259 Pa.Super. 112, 117, 393 A.2d 742, 744 (1978). Only in exceptional cases will a trial judge be reversed on the basis that his jury instructions were inadequate or misleading. *See, e. g., Commonwealth v. Wertheimer*, 23 Pa.Super. 192 (1903); *Blank v. Barnhart*, 17 Pa.Super. 214 (1901). Here, appellant concedes that the

tion and his failure to reduce speed and to proceed with caution constitutes contributory negligence. Thus, if you find that Carmen A. Perigo failed to reduce his speed or failed to proceed cautiously in entering and driving through the intersection at Route 30 and Route 601, then you must find that he was contributorily negligent and you must enter a verdict for the defendant.

**3.** Act of July 19, 1974, P.L. 489, No. 176, § 301, 40 P.S. § 1009.301 (Supp.) (the Act). *See Zagari v. Gralka*, 264 Pa.Super. 239, 244, 399 A.2d 755, 758 (1979) ("Damage items such as medical expenses, [and] financial setbacks in one's business . . . are not 'non-economic detriment,' and therefore do not come within the ambit of section 301(a)(5). Indeed, recovery for these damage items is provided for in the Act itself.") (footnotes omitted).

instructions, as given, correctly stated the law.[4] They were neither contradictory nor misleading. Thus, appellant's objection to the charge, as given, is meritless.

Appellant contends, however, that her requests could have helped prevent possible jury confusion. In *Gradel v. Inouye*, 491 Pa. 534, 421 A.2d 674 (1980), *rev'g*, 252 Pa.Super. 392, 381 A.2d 975 (1977), the trial court had refused to instruct the jury that any damage award would not be subject to federal income taxes. On appeal, this Court reversed, holding, *inter alia*, that the requested instruction would have reduced the possibility of confusion and discouraged an unduly large award. 252 Pa.Super. at 411, 381 A.2d at 984. The Supreme Court reversed and reinstated the judgment, holding that because the consequences of income taxes on damage awards should be mentioned neither in argument nor jury instructions, the lower court properly rejected the requested instruction. 491 Pa. at 547, 421 A.2d at 680.

This case is analogous to *Gradel*. The lower court properly refused to instruct on medical expenditures and lost wages because those items of loss were not before the jury, having already been recovered pursuant to the Act. To have granted the requested instructions and placed before the jury extraneous matters would have created the confusion which appellant professes a desire to avoid. The jury would have had no basis for evaluating that instruction because no evidence of lost wages and medical expenditures had been admitted. *See Zagari v. Gralka*, 264 Pa.Super. 239, 399 A.2d 755 (1979). Moreover, neither counsel argued the point to the jury. Consequently, the lower court properly refused appellant's specific points on the issue of damages.

Affirmed.

VAN der VOORT, J., files a concurring and dissenting opinion.

---

4. In charging the jury, the lower court stated that appellee Carmen Perigo could recover damages for: (1) past, present, and future physical pain, mental anguish, discomfort, and distress; (2) past, present, and future loss of the ability to enjoy life's pleasures; and (3) disfigurement. Additionally, the lower court instructed that appellee Carol Perigo had a derivative claim for loss of consortium.

VAN der VOORT, Judge, concurring and dissenting:

I agree with the majority's disposition of the issues in this case, except that I would remand for a new trial on the issue of the amount of damages owing to appellees Carmen A. and Carol Perigo.

Appellant argues that the lower court erred in failing to instruct the jury that Carmen Perigo's medical bills and loss of wages had been paid, and that the jury could not consider any medical expenditures on lost wages in determining damages. Appellant requested the trial judge to charge the jury as follows:

"...

"3. If you find Carmen A. Perigo is entitled to a verdict, you cannot under the Pennsylvania law consider any medical expenditures in determining damages.

"4. If you find Carmen A. Perigo is entitled to a verdict, you cannot ... consider any lost wages in determining damages."

The trial judge refused the request.

It is the trial judge's duty to clarify the issues for the jury. I do not agree that the requested instructions would have resulted in confusion. On the contrary, they might have prevented confusion.

Under No-fault section 301(a)(5), the recoverable damages are limited to "Non-economic detriment", that is, "pain, suffering, inconvenience, physical impairment, and other non pecuniary damage". Pecuniary losses, such as medical expenses and loss of earnings, are recoverable from the injured party's insurance company under the Act.[1] As appellant points out, the Pennsylvania Trial Lawyers Association volume on *The Pennsylvania No Fault Motor Vehicle Insurance Act* recommends appropriate instructions. In the present

---

1. Loss or earnings in excess of $15,000 is a proper element of damage.

case, the trial judge correctly instructed the jury that if appellee Carmen A. Perigo was entitled to recover damages, he was entitled to be "fairly and adequately compensated for such physical pain, mental anguish, discomfort, inconvenience and distress" as he had endured to date and would endure in the future. The trial judge recalled for this purpose the testimony of the physician, the appellee, and his witnesses. The trial court noted that the jury should rely on its collective "good common sense", "common experiences", and "common judgment of pain and suffering." Possible confusion would have been avoided if appellant's points for charge numbers 3 and 4 had been approved and read to the jury, particularly since the trial judge affirmed appellee's fourth point and informed the jury: "One who is responsible for an accident is required to make the victim of the accident whole to the extent that money can accomplish this."

In the instant case, appellee's medical bills and lost wages were paid to him once under the provisions of the No-fault Act. He should not be paid twice for them. The jurors would know that appellee had expenses for medical treatment and that he had lost wages as a result of the accident. The jury would not know that the appellee had been reimbursed for these losses unless it was told about it. In a trial, the jury should be able to see all the cards face up on the table. In order to accomplish this it should be told by the judge, not only that medical expenses and lost wages were not to be considered, but also why not. I would remand for a new trial on the amount of damages to be awarded to Carmen and Carol Perigo.