J-A26042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TERENA REPPOND, A MINOR, BY TERESE REPPOND, GUARDIAN AND NATURAL PARENT, INDIVIDUALLY AND IN HER OWN RIGHT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : : | No. 351 MDA 2017 |
| ERIKA FERRANTE AND BONITA MILKE | : | |

Appeal from the Judgment Entered March 24, 2017
In the Court of Common Pleas of Berks County Civil Division at No(s):
13740

BEFORE:  BOWES, J., OLSON, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                 **FILED JANUARY 17, 2018**

Terese Reppond and Terena Reppond appeal from the March 24, 2017 judgment entered in favor of Appellees, Erika Ferrante and Bonita Milke, following a jury trial.  We affirm.

The following statement of relevant facts and procedure is garnered from the trial court's opinion and the record.  ***See*** Trial Court Opinion, 4/19/2017, at 1-3.

In May 2012, Appellant Terena's leg was fractured when she drove her bicycle onto Ridgeway Street from an intersecting alley and was struck by Appellee Ferrante.  There was no signage where the alley and Ridgeway Street met.  In January 2013, Appellant Terese Reppond filed a complaint on behalf of her daughter, Terena, alleging Appellee Ferrante was negligent in the

operation of a vehicle. Prior to trial, Appellants stipulated to the withdrawal, with prejudice, of the claim against Appellee Bonita Milke as the owner of the vehicle.

During a jury trial in October 2016, two disputes arose regarding the court's instructions to the jury. First, the trial court declined to grant Appellants' request for a supplemental jury instruction pursuant to **Byrne v. O.G. Schultz, Inc.**, 160 A. 125 (Pa. 1932) (outlining a higher duty of care placed on drivers at intersections). Rather, the court conveyed the standard charge of negligence from Section 13.10 of the Pennsylvania Suggested Standard Civil Jury Instructions.[1] Second, Appellants objected to an instruction on Section 3324 of the Vehicle Code. Following deliberations, Appellee was found not negligent by the jury.

Appellants moved for judgment notwithstanding the verdict, which the court denied. In November 2016, Appellants filed a motion for post-trial relief. Following argument, Appellants' motion was denied in January 2017.

---

[1] The trial court utilized the following pertinent portion of Section 13.10 of the Pennsylvania Suggested Standard Civil Jury Instructions, "A person must act in a reasonably careful manner to avoid harming others. The care required varies according to the degree of danger at a particular time. You must decide how a reasonably careful person would act under the circumstances established by the evidence of the case. A person who does something a reasonably careful person would not do under the circumstances is negligent." Combined Notes of Testimony (N.T.), 10/27-28/2016, 10/ 31/2016, at 384.

Appellants timely filed a notice of appeal and a court-ordered 1925(b) statement.[2]  The trial court filed a responsive opinion.

Appellants present the following issues for our review:

1.      Whether the court erred in failing to give the jury instruction requested by the [Appellants,] which included a supplemental charge of negligence regarding the duties and responsibilities of a driver at an intersection.

2.      Whether the court erred in charging the jury that 75 Pa.C.S. § 3324 was applicable to this case; and that a violation of this statute constituted "negligence per se."

Appellants' Brief at 2-3 (some formatting applied).

Both of Appellants' claims challenge the court's instruction to the jury.

We review such claims in the following manner:

Our standard of review regarding jury instructions is limited to determining whether the trial court committed a clear abuse of discretion or error of law which controlled the outcome of the case. Error in a charge occurs when the charge as a whole is inadequate or not clear or has a tendency to mislead or confuse rather than clarify a material issue.  Conversely, a jury instruction will be upheld if it accurately reflects the law and is sufficient to guide the jury in its deliberations.

_____

[2] In February 2017, Appellants filed an appeal to this Court; however, final judgment had not been entered at the time of the appeal.  Accordingly, we directed Appellants to praecipe the trial court prothonotary to enter final judgment and file a certified copy of judgment entered with this Court for the instant matter to be deemed properly filed. **See** Order, 3/22/2017; Pa.R.A.P. 301(a)(1).  The Berks County Prothonotary entered judgment on March 24, 2017, thereby perfecting this Court's jurisdiction.  **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of appealable order shall be treated as filed after such entry and on the day thereof.").

> The proper test is not whether certain portions or isolated excerpts taken out of context appear erroneous. We look to the charge in its entirety, against the background of the evidence in the particular case, to determine whether or not error was committed and whether that error was prejudicial to the complaining party.
>
> In other words, there is no right to have any particular form of instruction given; it is enough that the charge clearly and accurately explains the relevant law.

*Krepps v. Snyder*, 112 A.3d 1246, 1256 (Pa. Super. 2015), *appeal denied*, 125 A.3d 778 (Pa. 2015) (citations and internal punctuation omitted). Additionally, "a trial judge may properly refuse a litigant's requested instruction when the substance thereof has been adequately covered in the general charge." *Perigo v. Deegan*, 431 A.2d 303, 306 (Pa. Super. 1981).

In their first claim on appeal, Appellants challenge the trial court's decision not to give a supplemental jury instruction pursuant to *Byrne*, in which our Supreme Court recognized the special vigilance required of drivers approaching an intersection and held that the operator of a vehicle is required to "look, and see what is visible, before attempting to cross the intersecting street." *Byrne*, 160 A. at 127. According to Appellants, an intersection is created where an alley meets a street, thus necessitating the *Byrne* instruction in the instant case. Appellants' Brief at 8-9 (citing 75 Pa.C.S. § 102). We disagree. Here, the trial court declined to give the *Byrne* instruction because the accident did not occur at an intersection under the definition of the Vehicle Code. 75 Pa.C.S. § 102.

Appellants rely on definitions in the Vehicle Code to establish that an intersection is created where an alleyway meets a highway. An intersection is defined as:

(1) The area embraced within the prolongation or connection of the lateral curb lines, or, if none, then the lateral boundary lines of the roadways of two highways which join one another at, or approximately at, right angles, or the area within which vehicles traveling upon different highways joining at any other angle may come in conflict.

75 Pa.C.S. § 102. A highway is defined as:

[T]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

75 Pa.C.S. § 102. An alleyway is defined as:

[A] street or highway intended to provide access to the rear side of lots or buildings in urban districts and not intended for the purpose of through vehicular travel.

75 Pa.C.S. § 102. A roadway is defined as:

[T]hat portion of a highway improved, designed or ordinarily used for vehicular travel, exclusive of the sidewalk, berm or shoulder even though such sidewalk, berm or shoulder is used by pedacycles. In the event a highway includes two or more separate roadways the term "roadway" refers to each roadway separately but not to all such roadways collectively.

75 Pa.C.S. § 102.

An examination of the plain language of the definitions reveals that an alleyway, which may consist of a "highway," can create an intersection where it is joined by **another** highway. *Id*. It is also clear that a highway must be (1) open to the public and (2) publicly maintained. *Id*. Therefore, to properly

warrant the trial court's inclusion of the **Byrne** instruction outlining a higher duty of care, Appellants were obligated to establish that the alleyway at issue was both open to the public and publicly maintained in order for it to be defined as a highway, capable of creating an intersection.

Instantly, Appellants failed to establish that the accident occurred at an intersection, as so defined by 75 Pa.C.S. § 102. Appellants established that the alleyway was open to the public; yet, they introduced no testimony to determine how the alleyway was maintained. **See** N.T., at 177-80, 228-89, 252; Plaintiffs' Exhibit 8; and Defendant's Exhibit 7 (collectively outlining that the alleyway consisted of two, thin paved paths with a continuous row of grass growing in the middle, intersected multiple streets in the neighborhood, was open to the public, and was used for vehicular and pedestrian traffic).

Therefore, we conclude that the trial court did not abuse its discretion in declining to give Appellants' supplemental instruction, as Appellants did not establish that the alley was publicly maintained and could not thereby establish that the alley formed an intersection where it met Ridgeway Street. Trial Court Opinion, 4/19/2017, at 4 (concluding, based on the specific facts of this case, that no supplemental charge was required).[3] The trial court's instruction of negligence from Section 13.10 of the Pennsylvania Suggested

---

[3] The trial court's use of terms describing the location of the accident is not entirely consistent with the definitions provided in the Vehicle Code. Nevertheless, where the court's conclusions are correct, we may affirm on any ground. **Commonwealth v. Gatlos**, 76 A.3d 44, 62 (Pa. Super. 2013).

Standard Civil Jury Instructions accurately reflected Appellee's duty of care and was sufficient to guide the jury in its deliberations. *Krepps*, 112 A.3d at 1256.

Appellants' second claim has two parts. First, Appellants assert the court abused its discretion when it included 75 Pa.C.S. § 3324 in the jury charge. Appellants' Brief at 9-11. According to Appellants, Section 3324 is inapplicable to this case. *Id*. Because the record supports the trial court's conclusion that the instant alleyway was not a roadway, we discern no error in the trial court's use of 75 Pa.C.S. § 3324 in the jury charge, as it accurately reflects the law pertinent to the case.

Section 3324 provides, "the driver of a vehicle about to enter or cross a roadway from any place other than another roadway shall yield the right-of-way to all vehicles approaching on the roadway to be entered or crossed." 75 Pa.C.S. § 3324. This duty is equally applicable to bicycle drivers. 75 Pa.C.S. § 3501 (persons riding a pedacycle on a roadway are granted all of the rights and are subject to the same duties applicable to drivers of vehicles); *see also Commonwealth v. Sisca*, 369 A.2d 325, 328–29 (Pa. Super. 1976).

The conduct proscribed in 75 Pa.C.S. § 3324 is also consistent with the responsibilities required of drivers of vehicles emerging from alleyways, driveways, and private roads. *See* 75 Pa.C.S § 3344. A single statute of the Vehicle Code, Section 3344, governs the conduct of drivers of vehicles emerging from alleyways, driveways, and private roads, and this statute

specifically directs vehicles emerging from an alleyway to stop prior to entering a street:

> Unless otherwise directed by official traffic-control devices erected in accordance with provisions of Subchapter B of Chapter 31 (relating to traffic-control devices), the driver of a vehicle emerging from an alley, building, private road or driveway within an urban district shall stop the vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across the alley, building entrance, private road or driveway or, in the event there is no sidewalk area, shall stop at the point nearest the street to be entered where the driver has a view of approaching traffic.

75 Pa.C.S. § 3344 (footnote omitted).

When Appellant Terena emerged on her bicycle from someplace other than a roadway, here, an alleyway, she had a duty under the Vehicle Code to yield prior to entering the roadway of Ridgeway Street. Accordingly, viewing the charge in its entirety in the context of the evidence presented, we determine that no error was committed by the trial court.

Part two of Appellants' second claim concerns the portion of the jury instruction which outlined that a violation of 75 Pa.C.S. § 3324 constitutes "negligence per se." However, we will not address this issue as the challenge was not properly preserved. Appellants concede that they failed to object to the charge of negligence per se; accordingly, this portion of Appellants' second claim is waived. *See* Appellants' Brief at 4; Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgement affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/17/2018</u>