Commonwealth *v.* Reston, Appellant.

Richard J. Audino, with him Rea and Audino, for appellant.

James A. Caldwell, Assistant District Attorney, with him W. Thomas Andrews, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., March 27, 1973:

The defendant, Frank Reston, was brought to trial in the Court of Common Pleas of Lawrence County under indictments charging him with fraudulent conversion and larceny by bailee respectively. The prosecutrix, Mrs. Peggy Dodds, charged the defendant with having converted to his own use the sum of $31,200 received from her for safekeeping. The jury returned verdicts of guilty on both indictments and following the court's refusal of defendant's post-trial motions, sentence was imposed and this appeal followed.

At trial, Mrs. Dodds, age 26, testified that at the time she met defendant she was plagued by business and personal difficulties which drove her away from her 63-year-old husband and into the confidence of the defendant. She stated that in June and September of 1969, respectively, presumably in preparation for her separation, she delivered to defendant for safekeeping two brown manila envelopes containing the total sum of $31,200 in reliance on his promise to place the money

in a safe-deposit box and to return it to her upon her request. She testified that defendant told her he had counted the money and had deposited it in the box as agreed. Her testimony as to the source of the funds was supported by bank records showing withdrawals from her personal accounts. The record also showed the defendant had leased a safe-deposit box two days after receipt of the first envelope and had gone to it the day following receipt of the second envelope. When the relationship between Mrs. Dodds and defendant later went awry, she testified she demanded the return of her money, but defendant refused.

In his testimony, defendant denied any personal involvement with Mrs. Dodds, contending their relationship was wholly a business one. He admitted receiving one envelope from Mrs. Dodds for safekeeping, which he placed in his safe-deposit box. Although he denied any knowledge of the specific contents of the envelope, he did testify that Mrs. Dodds told him "security or securities" were inside. Defendant also testified that in December 1969 he removed from his safe-deposit box the envelope she had given him and mailed it, by regular mail, without a return address, to the Dodds Coal Company. Mrs. Dodds and her husband testified that no such envelope was ever received.

Defendant contends that the lower court's charge and additional instructions were misleading. The defendant first complains that it was fundamental error[1] for the trial judge to use in his definition of both crimes the terms "money or property" instead of the $31,200 figure which actually appeared in the indictments. Defendant claims that this was a material deviation from the indictments and one which confused and misled

---

[1] Since no specific objections were taken on either point herein raised by the appellant, fundamental error must be established in order to warrant a reversal: *Commonwealth v. Butler*, 442 Pa. 30, 33, 272 A. 2d 916 (1971) ; Pa. Rule of Criminal Procedure, 1119(b).

the jury. Although it is true that the indictments charged the defendant with having received the exact sum of $31,200, it is also true that this sum was referred to as "property" at several places in the indictments. The legislature's definitions of the crimes of fraudulent conversion and larceny by bailee[2] contain the words "money or property" or simply the word "property" and it was, therefore, perfectly proper for the lower court to use these statutory terms in its charge and additional instructions to the jury. It has long been held that a court may instruct a jury utilizing the very language of the relevant and controlling statute: *Commonwealth v. Ostrum,* 70 Pa. Superior Ct. 485 (1918). Moreover, a trial court is not required to use any particular language in instructing a jury provided that the language employed adequately and fully conveys to the jury the law applicable to the facts in the case: *Commonwealth v. Thompson,* 389 Pa. 382, 394, 133 A. 2d 207 (1957). The fact that the lower court used the words "money or property" interchangeably with or in place of the $31,200 figure was of no adverse consequence to defendant. Certainly a sum of money, such as $31,200, is a form of property and the court's reference to these terms was in order.

Secondly, the defendant finds fault with portions of the court's charge which he contends permitted the jury to find him guilty on the charge of larceny by bailee even if the jury were to find that the only property he received was the envelope alone and not the specific $31,200 as listed in the indictment. Defendant sets out the following excerpts from the court's charge as examples supporting this second allegation of fundamental error: "You were instructed, further, that, with regard to the bailment, there can be no bailment without the delivery of the subject matter by the bailor to

[2] 18 P.S. 4834, 1939, June 24, P. L. 872, §834, 18 P.S. 4816, 1939, June, 24 P. L. 872, §816.

the bailee, and, in addition thereto, there can be no bailment without an acceptance; that is, the bailee, or person receiving delivery of the subject matter, must know that he is receiving the subject matter and, either impliedly or expressly, gives his consent to the creation of the bailment. You were told that this part of the charge does not mean that a person, in order to have a bailment, must know the contents of the envelope. If he receives the envelope *and the contents, under the conditions that I have indicated to you,* there can be a bailment of the envelope *and the contents,* even though he does not know the contents thereof. . . . I don't mean by that instruction that in this case the Defendant must have known that the envelope contained the sums of money indicated by the Commonwealth, because it is possible to have a bailment of an envelope *and the contents thereof* without knowing, *specifically,* what the contents are." (Emphasis added.) . . . ". . . you should consider these circumstances, as well as all other circumstances surrounding the keeping of the money, what was done with the money and—or I should say what was done with the envelope, because whether or not there was money in that envelope is for you to determine." These statements, rather than constituting error, correctly emphasized the central and controlling issues of fact and credibility which the trial judge properly left within the province of the jury. This trial was not centered on the envelopes alone, but on the factual dispute surrounding their contents, specifically the sum of $31,200 in currency. We find it inconceivable that the court's instructions, as contended by defendant, could have led the jury into returning guilty verdicts based on defendant's receipt of the envelope alone.[3] The defendant in his testimony

---

[3] Of course, a valued envelope could theoretically become the subject matter of a bailment. Here, however, it was perfectly

readily admitted receiving one envelope from Mrs. Dodds for safekeeping, that he knew the envelope did contain something, and that he knew the contents of the envelope was valuable. Defendant testified that when he received the envelope he was informed that it contained securities, which unquestionably are a form of valuable property in and of themselves.

Jury instructions must be read in their entirety and with relation to the evidence presented: *Commonwealth v. Toney*, 439 Pa. 173, 266 A. 2d 732 (1970) ; *Commonwealth v. Franklin*, 438 Pa. 411, 265 A. 2d 361 (1970) ; *Commonwealth v. Thompson*, supra. The lower court's 34-page charge to the jury was comprehensive in its coverage of the duties of jurors, presumption of innocence, credibility of witnesses, circumstantial evidence, a review of the testimony, and the elements of the crimes charged. When read in context with the entire charge and the evidence presented, we find no error in the above-quoted language of the court.

Accordingly, the action of the court below is hereby affirmed.

---

obvious to the jury that claim was not for the envelopes themselves, but for their disputed contents.