411 A.2d 1246

**COMMONWEALTH of Pennsylvania**

v.

**Charles K. McLELLAN, Appellant.**

Superior Court of Pennsylvania.

Argued July 9, 1979.

Filed Oct. 12, 1979.

598

Barbara G. Scarlata, Assistant Public Defender, West Chester, for appellant.

Alan J. Jarvis, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

NIX, Judge:

This is an appeal from judgments of sentence entered upon jury verdicts finding appellant guilty of third degree murder and of lesser offenses arising out of the same criminal episode. Because appellant does not challenge the sufficiency of the evidence, only those facts pertinent to the issues raised will be set forth herein.

Appellant first alleges that the trial court erred in granting the Commonwealth's petition for extension under Pennsylvania Rule of Criminal Procedure 1100. The relevant chronology is as follows:

| | |
|---|---|
| February 28, 1975: | Complaint filed. Rule 1100(a) requires that trial begin within 180 days. |
| March 8, 1975: | Appellant arrested in Nevada on fugitive warrant. |
| March 11, 1975: | Preliminary arraignment (in Pennsylvania). |
| March 17, 1975: | First preliminary hearing. Appellant objects to being precluded from calling certain witnesses. |
| March 19, 1975: | Appellant petitions for habeas corpus. |

---

* Justice Robert N. C. Nix, Jr. of the Supreme Court of Pennsylvania, and Judge I. Martin Wekselman of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

| | |
|---|---|
| April 2, 1975: | Court orders a second preliminary hearing. The Commonwealth objects to this order. |
| April 4, 1975: | The Commonwealth petitions the Supreme Court for a writ of prohibition (to stop the court from holding the second preliminary hearing) and for a supersedeas pending the disposition of the writ of prohibition. |
| April 7, 1975: | Chief Justice B. R. Jones grants supersedeas. |
| July 22, 1975: | The Commonwealth applies for, and Judge Pitt's order grants an extension pursuant to Pa.R.Crim.P. 1100(c). The extension is granted for a period of three (3) months, (90 days) *from* the date of the Supreme Court's decision on the petition for writ of prohibition. |
| August 27, 1975: | 180-day period expires (not considering exclusions or extensions). |
| September 26, 1975: | Supreme Court denies writ of prohibition. End of supersedeas period. |
| October 5, 1975: | The Commonwealth petitions trial court for reconsideration of its ruling on the second preliminary hearing. |
| October 21, 1975: | Argument on Petition for Reconsideration. |
| October 21, 1975: | Petition denied. |
| October 28, 1975: | Second preliminary hearing. |
| November 8, 1975: | Third preliminary hearing. |
| December 8, 1975: | Commencement of trial. |

Calculating according to *Commonwealth v. Wade,* 475 Pa. 399, 402 n.2, 380 A.2d 782 (1977), the record shows that the trial commenced two hundred and eighty-three (283) days after the complaint was filed. Thus, unless the one hundred and three (103) day delay is justified by extensions or exclusions under Rule 1100, the appellant is entitled to a discharge. *See Commonwealth v. Shelton,* 469 Pa. 8, 14, 364 A.2d 694, 697 (1976). Appellee concedes that even if the eight-day period during which appellant was a fugitive is excluded under rule 1100(d)(1) the trial was not timely commenced. *See Commonwealth v. Nickol,* 476 Pa. 75, 80, 381 A.2d 873 (1977). Therefore, the narrower question is whether the judicial delay incident to the Supreme Court's disposition of appellee's petition for writ of prohibition justified the trial court's grant of an extension under rule 1100(c). We hold that it did. Initially we note that appellee petitioned the lower court under rule 1100(c) *prior to* the chronological expiration of the one hundred and eighty (180)

day period. Therefore, appellee complied with the rule's requirement that extensions be requested "prior to the expiration of the period for commencement of trial." Pa.R. Crim.P. 1100(c); *Commonwealth v. Shelton, supra*, 469 Pa. at 15, 364 A.2d at 697; *Commonwealth v. O'Shea*, 465 Pa. 491, 350 A.2d 872 (1976). As to the relationship between judicial delay and the Commonwealth's due diligence in bringing the case to trial, dictum in *Commonwealth v. Shelton, supra*, 469 Pa. at 18, 364 A.2d at 699, provides the guidance as to when judicial delay will justify the grant of an extension: "Situations where judicial proceedings involving prosecution of the charges are still pending . . . so near the expiration of the mandatory period fixed by the Rule . . . so as to preclude commencing trial within the period despite the Commonwealth's due diligence." *Id.* In the instant case when the Commonwealth petitioned the trial court for an extension the Supreme Court had already stayed all proceedings pending decision on the petition for writ of prohibition. Thus neither the prosecution nor the trial court could have proceeded further with trial proceedings. *See generally Commonwealth v. Mitchell*, 245 Pa.Super. 562, 566–67, 369 A.2d 770 (1977) (extension upheld where delay was attributable to district justice). Finally, it should be pointed out that we find no evidence on this record to indicate that appellee initiated the petition for writ of prohibition in an effort to avoid the operation rule 1100. Therefore, this case is distinguishable from *Commonwealth v. Whitaker*, 467 Pa. 436, 359 A.2d 174 (1976), where the prosecution in an attempt to toll the rule, sought and obtained entry of *nolle prosequi* two days before the expiration of the mandatory period under rule 1100. Such a tactic, disapproved by the Supreme Court in *Whitaker*, is not present in the instant appeal.

■ Appellant's second contention is that the trial court erred in allowing into evidence credit card receipts allegedly showing unauthorized use of a credit card appellant had borrowed from a fellow employee. Appellant had used the card during his travels to Nevada following the slaying in

West Whiteland Township, Chester County, Pennsylvania. Appellant argues that this evidence provided a basis from which the jury could infer, improperly so according to appellant, the commission of unrelated crimes, i. e., unauthorized use of another's credit card. This second contention is meritless for two reasons. First, the testimony of the owner of the credit card at trial made it clear that appellant had permission to use the card. Therefore, we do not believe that a jury would reasonably infer illegal use from the receipts when coupled with such testimony. *See Commonwealth v. Williams*, 476 Pa. 557, 569, 383 A.2d 503 (1978).

Second, even assuming that an inference of another crime was possible, the criminal activity which would have been inferred was logically related to crimes for which appellant was being tried, viz., theft and unauthorized use of the victim's automobile. Thus, simply as a matter of fact the credit card receipts would have been evidence of a *related* crime. *See Commonwealth v. Terry*, 462 Pa. 595, 600–01, 342 A.2d 92 (1975); *Commonwealth v. Wable*, 382 Pa. 80, 84, 114 A.2d 334 (1955); *Commonwealth v. Irons*, 230 Pa.Super. 56, 326 A.2d 488 (1974).[1]

■ Next we consider appellant's argument that the trial court erred in supplementally instructing the jury that premeditation was a necessary element of "intent to kill." What the trial judge actually said was as follows:

First-degree murder, as you will consider it, is that type of homicide which was defined in the statute that we read to you and which was described as murder which is intentional, and that word is further defined as being willful, deliberate, and premeditated.

This instruction tracks closely the language of the Crimes Code, 18 Pa.C.S.A. § 2502(d) (Supp.1979–80), and therefore we find no error.

**1.** Appellant also asserts prejudice due to the presence on the panel of an alternate juror who was an employee of the credit division of the credit card issuer, Gulf Oil Co. This juror did not participate in deliberation, and therefore appellant suffered no prejudice.

Finally, appellant alleges that the trial court erred by refusing to permit psychiatric and psychological expert testimony going to show that the victim was a homosexual with violent, sado-masochistic tendencies. Appellant offered this evidence to show that the victim was the aggressor, thus supporting appellant's theory of self-defense. In *Commonwealth v. Amos*, 445 Pa. 297, 284 A.2d 748 (1971), the Supreme Court held that prior convictions involving aggressive acts by a homicide victim may be introduced by the accused asserting self-defense to corroborate the accused's knowledge and resulting fear of the victim's violent propensity or to prove that the victim was in fact the aggressor. *Id.*, 445 Pa. at 303, 284 A.2d at 750; *accord Commonwealth v. Darby*, 473 Pa. 109, 373 A.2d 1073 (1977). However, appellee asserts and appellant concedes that whether the victim's propensity may be proved by psychiatric testimony is a question of first impression in this jurisdiction. Because of the novelty and importance of this question, we will refrain from deciding it, and will instead certify this issue to the Supreme Court.

Accordingly, the claim relating to the admissibility of the psychiatric and psychological expert testimony is referred to the Supreme Court. In all other respects, the claims of appellant are found to be without merit and the judgments of sentence are affirmed.