441 A.2d 1308
**COMMONWEALTH of Pennsylvania**

**v.**

**Robert L. HAWKINS, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 1981.

Filed Feb. 19, 1982.

---

430

432

434

Sally A. Frick and G. William Bills, Jr., Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

Following a jury trial, appellant was convicted of twenty-seven counts each of theft by deception, receiving stolen property, and misapplication of government property, as well as one count each of tampering with witnesses and criminal conspiracy. For the reasons that follow, we find appellant's contentions meritless and, accordingly, affirm the judgment of sentence.

I.

 Appellant contends that the lower court erred in denying his pre-trial motion to dismiss the charges on the ground that the statute of limitations had expired. All of the offenses relate to a ghost employee scheme perpetrated while appellant was the director of the Allegheny County Department of Manpower (ACDOM). They would, therefore, be subject to the two-year statute of limitations contained in 18 Pa.C.S.A. § 108(b)(2) (repealed).[1] However,

> [i]f the period prescribed in [18 Pa.C.S.A. § 108(b)(2)] has expired, a prosecution may nevertheless be commenced for:
>
> . . . .
>
> (2) Any offense committed by a public officer or employe in the course of or in connection with his office or employment at any time when the defendant is in

---

1. This case arose before the effective date of the time limitations contained in the Judicial Code, 42 Pa.C.S.A. § 5552(a), (c).

public office or employment or within two years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

18 Pa.C.S.A. § 108(c)(2) (repealed). Appellant argues that subsection 108(c)(2) of the Crimes Code requires that the prosecution of a public officer or employe be commenced within two years of his leaving the *particular* "public office or employment" occupied at the time he committed the offenses charged.[2] Accordingly, because the informations were not filed until April 20, 1978, two years and one day after appellant left ACDOM, his prosecution would be barred by the statute of limitations. We disagree. Appellant's construction of subsection 108(c)(2) is unduly restrictive. The phrases "public officer or employe" and "office or employment" are not limited or qualified. By contrast, the predecessor to subsection 108(c)(2) contained an express limitation or qualification of the nature advocated by appellant.

And provided also, That indictments for malfeasance, misfeasance, or nonfeasance in office, or for extortion or blackmail by color of office, or for embezzlement of public moneys or property, or for any misdemeanor in office, or for any conspiracy to commit any of said offenses heretofore or hereafter committed by any officer or employe of this Commonwealth or of any agency thereof, or of any city, county, borough, township, or school district or of any agency thereof, and their accomplices and confederates, *may be brought or exhibited at any time within two years from the time when said public officer or said employe shall have ceased to occupy such office or such employment,* but in no event more than six years from the commission of the offense.

Act of March 31, 1860, P.L. 427, § 77, as amended by the Act of April 6, 1939, P.L. 17, § 1; 19 P.S. § 211 (repealed)

**2.** "An offense is committed either when every element occurs, or . . . when [a continuing] course of conduct or the complicity of the defendant therein is terminated. Time starts to run on the day after the offense is committed." 18 Pa.C.S.A. § 108(d) (repealed).

(emphasis added).[3] Consequently, we construe subsection 108(c)(2) as providing an exception to the statute of limitations whenever the "public officer or employe" has continuously occupied *any* "office or employment," *and not* just the *particular* "office or employment" occupied at the time of the offense. *See* Statutory Construction Act of 1972, Act of December 6, 1972, No. 290, § 3, 1 Pa.C.S.A. § 1921(c)(5) (in determining legislative intent, court may consider "[t]he former law, if any, . . . upon the same or similar subjects"). It is thus of no consequence that appellant left ACDOM on April 19, 1976, because he immediately was transferred to the payroll of the Allegheny County Commissioners where he remained as a commissioner's secretary until March 22, 1977. He was, therefore, continuously a "public officer or employe" from the time of the commission of the offenses until March 22, 1977. Thus, because the informations were filed approximately thirteen months after appellant left "public office or employment," his prosecution was timely commenced.[4] Accordingly, the lower court properly denied his pre-trial motion to dismiss the charges.[5]

## II.

The incidents underlying this appeal concern appellant's involvement with Robert Ficklin. At trial, the Commonwealth introduced over appellant's objection, evidence concerning appellant's involvement in substantially similar

3. The Act of March 31, 1860, was not expressly repealed by section 108 of the Crimes Code, 18 Pa.C.S.A. § 108, but the Judicial Code repealed both. *See Commonwealth v. Bidner*, 282 Pa. Superior Ct. 100, 112, 422 A.2d 847, 853 (1980).

4. Because of our disposition of this issue, we need not address the lower court's alternative bases for sustaining the timeliness of the prosecution.

5. Appellant argues also that the lower court erred in failing to submit the statute of limitations issue to the jury. We disagree. When the evidence substantiating an exception to the statute of limitations is unrebutted, the trial judge may take the issue from the jury. *Commonwealth v. Hoffman*, 263 Pa. Superior Ct. 442, 448, 398 A.2d 658, 661 (1979) (applying 18 Pa.C.S.A. § 108(c)(1)). In light of the stipulation that appellant was continuously in public employment until March 22, 1977, the trial judge properly took the issue from the jury.

schemes with others not mentioned in the present informations. Appellant contends that the lower court erred in admitting this evidence of other crimes because he was unable to prepare an adequate defense.

The prosecution generally may not introduce evidence that a defendant has committed other crimes as evidence of his guilt for the particular crime charged. *See, e.g., Commonwealth v. Stanley,* 484 Pa. 2, 7, 398 A.2d 631, 633 (1979); *Smith v. LeFlore,* 293 Pa.Superior Ct. 149, 152, 437 A.2d 1250, 1252 (1981). The rule stems from a recognition that evidence of other crimes is likely to prejudice the finder of fact and create an emotional reaction effectually stripping the accused of the presumption of innocence because proving commission of one crime does not entail proof of another, but merely bad character which cannot support an inference of guilt. *See, e.g., Commonwealth v. Spruill,* 480 Pa. 601, 391 A.2d 1048 (1978); *Commonwealth v. Roman,* 465 Pa. 515, 351 A.2d 214 (1976); *Commonwealth v. Allen,* 448 Pa. 177, 292 A.2d 373 (1972); *Commonwealth v. Wright,* 259 Pa. Superior Ct. 293, 393 A.2d 833 (1978). Special circumstances justifying exceptions to the general rule exist when the evidence of other crimes also tends to prove: (1) motive; (2) intent; (3) absence of mistake or accident; (4) a common scheme, plan, or design embracing the commission of two or more crimes so related that proof of one tends to prove the other; or (5) the identity of the person committing the crime charged. *See, e.g., Commonwealth v. Peterson,* 453 Pa. 187, 197–98, 307 A.2d 264, 269 (1973); *Commonwealth v. Wable,* 382 Pa. 80, 84, 114 A.2d 334, 336 (1955); *Commonwealth v. Hude,* 256 Pa. Superior Ct. 439, 442–43, 390 A.2d 183, 184–85 (1978). Additionally, evidence that a defendant has committed another crime may be admitted when it tends to show that the accused has attempted to conceal the commission of the crime charged or to escape its consequences. *Commonwealth v. Terrell,* 234 Pa. Superior Ct. 325, 339 A.2d 112 (1975). Even when one of these exceptions applies, however, the trial court must still balance the need for the other crimes evidence against the

potential prejudice to the accused. *See Commonwealth v. Ulatoski,* 472 Pa. 53, 63 n.11, 371 A.2d 186, 191 n.11 (1977); *Commonwealth v. Wright, supra,* 259 Pa.Super. at 299, 393 A.2d at 836; *Commonwealth v. Hude, supra,* 256 Pa.Super. at 445, 390 A.2d at 186.

Appellant concedes that the challenged evidence falls within any number of the above exceptions, is logically connected to the crimes charged, and would be admissible but for the inherent prejudice from his inability to prepare an adequate refutation of that evidence. We disagree. "When the evidence is relevant and important to one of these [exceptions], it is generally conceded that the prejudicial effect may be outweighed by the probative value." *Commonwealth v. Peterson, supra* at 198, 307 A.2d at 269–70. "Where the testimony is admissible under the traditional exceptions counsel for an accused can anticipate its introduction and thus prepare a response." *Commonwealth v. Spruill, supra,* 480 Pa. at 606, 391 A.2d at 1051. Moreover, appellant's bald assertion of prejudice is refuted by the record. As the court below aptly noted at page 15 of its opinion:

> [Appellant's] present, as well as his prior counsel, have at all times had available to them the statements of all witnesses whether relating to the present information or [the] other informations, and the grand jury testimony relating to all cases. In addition, during the course of trial, which lasted some three weeks, the Commonwealth sought a preliminary ruling from the trial judge concerning the admissibility of such evidence before it was presented.... He and his counsel at all times have been fully aware of all of the charges and all of the government's evidence against him relating to those charges. Thus, it appears that not only was the information in fact available to [appellant] prior to and during the trial, he could have received, by resort to [Pa.R.Crim.P.] 305, any additional information that he might have desired. The vigorous and thorough use by defense counsel at the trial, of statements and grand jury testimony in cross-examining witnesses and in meeting the Commonwealth's evi-

dence belies the claim now made by him that in some way his defense was hampered.

Consequently, we conclude that the lower court did not err in admitting the challenged evidence.[6]

## III.

Appellant contends also that the lower court erred in: (A) *sua sponte* instructing the jury not to consider the consequences to appellant if they were to return a guilty verdict; (B) refusing to specifically identify for the jury several allegedly key Commonwealth witnesses whose testimony should have been closely scrutinized because they were among appellant's accomplices; (C) refusing to charge that lack of force was not an element of the misdemeanor offense of tampering with witnesses; and (D) improperly instructing concerning the requisite mental element of misapplication of government property. We find, however, that the trial judge adequately instructed the jury.

## A.

The trial judge specifically instructed the jury that it was not to consider the consequences to appellant were they to return a guilty verdict. The instruction, based upon that given in *Commonwealth v. Corbin*, 426 Pa. 24, 27, 231 A.2d 138, 139 (1967); and *Coyle v. Commonwealth*, 100 Pa. (4 Outerbridge) 573, 577 (1882); *see also* Pennsylvania Standard Jury Instructions, Criminal ¶ 7.05(4) (Subcommittee Draft, January 20, 1977), was not inappropriate. *See Commonwealth v. Kauffman*, 155 Pa. Superior Ct. 347, 354, 38 A.2d 425, 428 (1944) ("where accused's counsel adverts impassionately to irrelevant and extraneous matter . . . a judge who enjoins a jury to confine its deliberations to

---

6. Appellant argues also that because the Commonwealth is not required to provide pretrial notice that it intends to introduce evidence of other crimes not charged, he was denied various constitutional protections. Because issues, even those of constitutional dimension, cannot be raised for the first time on appeal, his contentions have been waived. Pa.R.A.P. 302(a); *Wiegand v. Wiegand*, 461 Pa. 482, 484, 337 A.2d 256, 257 (1975); *Commonwealth v. Thurmond*, 268 Pa. Superior Ct. 283, 286, 407 A.2d 1357, 1359 (1979).

determining the defendant's guilt or innocence cannot be convicted of dereliction .... ").[7]

### B.

Appellant argues that the trial judge should have specifically identified for the jury the names of several accomplice-witnesses. We disagree. The court is free to select its own form of expression in charging the jury, so long as the issue is adequately, accurately, and clearly presented. When the basic charge covers a requested point, it is not error to refuse to give additional instructions. *Commonwealth v. Newsome*, 462 Pa. 106, 337 A.2d 904 (1975); *Perigo v. Deegan*, 288 Pa.Superior Ct. 93, 431 A.2d 303 (1981); *Commonwealth v. Gardner*, 246 Pa. Superior Ct. 582, 371 A.2d 986 (1977). Only in exceptional cases will a trial judge be reversed on the basis that his summary of facts for the jury was inadequate. *See, e.g., Commonwealth v. Wertheimer*, 23 Pa. Superior Ct. 192, (1903); *Blank v. Barnhart*, 17 Pa. Superior Ct. 214 (1901). The trial judge instructed the jury that it "should closely and separately examine the testimony of each of those persons, that is Mr. Ficklin, Mr. Wilson, and any other person who might, in your determination have been an accomplice in those events and occurrences, and accept the testimony of such persons only with caution and only with care." (N.T. L.A. Vol. IV, at 1229). We are satisfied that the quoted portion of the charge was sufficient to enable the jury to evaluate the testimony of all the alleged accomplices. Accordingly, the trial judge did not err in refusing to specify the identity of any other alleged accomplice-witnesses.[8]

---

**7.** Contrary to appellant's assertion, the instruction did not unduly chastise defense counsel. Indeed, the trial judge's prefatory remarks complimented both sides for their diligence at trial.

**8.** Appellant argues also that the lower court erred in failing to give a "strong charge" concerning the credibility of accomplice-witnesses. *See Commonwealth v. Didio*, 212 Pa. Superior Ct. 51, 58, 239 A.2d 883, 886 (1968). We disagree. First, appellant does not suggest how the charge could have been made "stronger." Second, he cannot now contend that the charge, as given, was inadequate. The charge was substantially in the form requested by appellant. *Compare*

## C.

 Appellant argues next that the lower court erred in refusing to charge the jury that lack of force was not an element of the misdemeanor of tampering with witnesses. We disagree. A trial judge has a duty to clarify the relevant issues "so that the jury may comprehend the questions they are to decide and not only to state to the jury correct principles of law applicable to the pending case." *Commonwealth v. Davison*, 243 Pa. Superior Ct. 12, 20, 364 A.2d 425, 429 (1976), quoting *Commonwealth v. Zeger*, 200 Pa. Superior Ct. 92, 97–98, 186 A.2d 922, 925 (1962). *Cf. Perigo v. Deegan, supra*, 288 Pa.Super. at 100, 431 A.2d at 305–06 (only issues which are relevant to the pleadings and proofs may be the subject of a jury instruction in a civil case). "There is no duty on a trial judge to charge upon law which has no applicability to presented facts." *Commonwealth v. Dessus*, 214 Pa. Superior Ct. 347, 364, 257 A.2d 867, 875 (1969). *Accord, Commonwealth v. White*, 490 Pa. 179, 182, 415 A.2d 399, 400 (1980); *Commonwealth v. Showalter*, 275 Pa. Superior Ct. 1, 4, 418 A.2d 580, 582 (1980). Indeed, in charging a jury, the judge may not inject improper issues. *See Heyman v. Electric Service Manufacturing Co.*, 412 Pa. 338, 345–46, 194 A.2d 429, 432 (1963). *Accord, Commonwealth v. Kwatkowski*, 267 Pa. Superior Ct. 401, 409, 406 A.2d 1102, 1106 (1979) ("It was . . . injudicious for the court below to read to the jury portions of [18 Pa.C.S.A.] § 4907 not pertinent to the instant proceedings."). Section 4907 of the Crimes Code states:

Tampering with witnesses and informants.

(a) Offense defined.—A person commits an offense if, believing that an official proceeding or investigation is pending or about to be instituted, he attempts to induce or otherwise cause a witness or informant to:

(1) testify or inform falsely;

Appellant's Points for Charge, pp. 1–2, *with* N.T. L.A. Vol. IV at 1227–31. *See also id.* at 1178–79 (in-chambers conference concerning jury charge). Moreover, the charge, as given, correctly stated the law.

442

(2) withhold any testimony, information, document or thing except on advice of counsel;

(3) elude legal process summoning him to testify or supply evidence; or

(4) absent himself from any proceeding or investigation to which he has been legally summoned.

(b) Grading.—The offense is a felony of the third degree if the actor employs force, deception, threat or offer of pecuniary benefit. Otherwise it is a misdemeanor of the second degree.

18 Pa.C.S.A. § 4907. Appellant was charged only with the misdemeanor version of the offense. Thus, use of force was an irrelevant consideration. *See Commonwealth v. Hobson,* 484 Pa. 250, 398 A.2d 1364 (1979) (defendant not prejudiced by failure to give jury example of lesser degree of offense when charge was adequate as whole). To have given the requested instruction concerning lack of force would have engendered confusion by placing an extraneous matter before the jury. *See Commonwealth v. White, supra* (court should not invite jury to choose between felony and misdemeanor degrees of offense as to determine extent of punishment); *Commonwealth v. Kwatkowski, supra. See also Gradel v. Inouye,* 491 Pa. 534, 421 A.2d 674 (1980); *Perigo v. Deegan, supra.* Accordingly, the lower court properly refused to so instruct the jury.

## D.

Appellant's final challenge to the jury charge concerns the requisite mental element of misapplication of government property. In reviewing a trial court's instructions to the jury, an appellate court must consider the entire charge and its general effect controls. *See, e.g., Commonwealth v. Woodward,* 483 Pa. 1, 394 A.2d 508 (1978); *Commonwealth v. Lesher,* 473 Pa. 141, 373 A.2d 1088 (1977); *Commonwealth v. Rogers,* 459 Pa. 129, 327 A.2d 118 (1974). The trial judge read to the jury the statutory definition of the offense, 18 Pa.C.S.A. § 4113(a) ("A person commits an offense if he applies . . . property of the government . . . in

a manner which he *knows* is unlawful ..." (emphasis added)), and the definitions of the terms "intentionally," "knowingly," and "negligently," *id.* § 302(b)(1), (2), (4). Additionally, he distinguished the differing kinds of culpability, and twice stated the particular degree required to be proven in relation to each offense. It is not error to read applicable statutes to the jury. *See, e.g., Commonwealth v. Reston,* 224 Pa. Superior Ct. 80, 83, 302 A.2d 428, 429 (1962). *Accord, Commonwealth v. McClellan,* 270 Pa. Superior Ct. 597, 601–02, 411 A.2d 1246, 1248–49 (1979). This procedure was sufficient to place the issue of intent properly before the jury. *See Commonwealth v. Bellis,* 252 Pa. Superior Ct. 15, 28, 380 A.2d 1258, 1264 (1977), *affirmed in part, reversed in part on other grounds,* 484 Pa. 486, 399 A.2d 397 (1979).[9]

Judgment of sentence affirmed.

---

**9.** Appellant argues also that the Commonwealth unconstitutionally deprived him of a prospective defense witness by advising the court and defense counsel that it was then in the process of preparing a perjury information against the witness. This issue has been waived because appellant failed to assert it in his post-trial motions. Pa.R. A.P. 302(a); *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975).