J-S43002-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS IVAN SMITH, III | |
| Appellant | No. 626 WDA 2017 |

Appeal from the Judgment of Sentence imposed October 18, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0001502-2015

BEFORE:  STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:　　　　　　　　　**FILED OCTOBER 22, 2018**

Appellant, Francis Ivan Smith, III, appeals *pro se* from the judgment of sentence imposed on October 18, 2016 in the Court of Common Pleas of Allegheny County.  Upon review, we affirm.

As the trial court explained:

On August 15, 2016, a jury found Appellant [] guilty of resisting arrest and disorderly conduct.[1]  This court, on October 18, 2017, sentenced Appellant to nine to twenty-four months of incarceration on the resisting arrest count and no further penalty at the disorderly conduct count.  Appellant's post-sentence motion was denied on March 27, 2017.  Appellant filed a notice of appeal on April 25, 2017 and a concise statement of errors complained of on appeal on June 16, 2017.

Additionally, counsel for Appellant filed a motion to withdraw on June 6, 2017.  In that motion, counsel alleged that Appellant was unhappy that counsel would not raise certain matters on appeal. Counsel further asserted that he informed Appellant that, as an attorney, counsel was ethically unable to raise some of Appellant's requested issues.  This court denied the motion on June 22, 2017.

On July 5, 2017, counsel filed a second motion to withdraw, this time alleging that Appellant wished to fire counsel and represent himself. This court conducted a ***Grazier***[2] hearing on August 16, 2017. At the ***Grazier*** hearing, Appellant initially indicated that he was not firing his attorney, then said that he was firing his attorney. During the ***Grazier*** colloquy, however, Appellant stated that he was not waiving his right to counsel of his own free will. As a result, this court found that Appellant was not voluntarily waiving his right to counsel and in order to protect Appellant's legal interests, this court denied the second motion to withdraw.

[1] 18 Pa.C.S.A. §§ 5104 and 5503(a)(1), respectively.

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

Trial Court Rule 1925(a) Opinion, 8/18/17, at 1-2 (some capitalization and additional footnote omitted).

In its Rule 1925(a) opinion, the trial court explained that Appellant alleged three errors on appeal as follows:

Appellant alleges his verdicts were against the weight of the evidence. Next, Appellant alleges that the verdicts were insufficient to establish the elements of resisting arrest and disorderly conduct. Lastly, Appellant alleges this court abused its discretion in sentencing [him] in the aggravated range in the absence of substantial sentencing factors.

***Id.*** at 2 (citing Appellant's Rule 1925(b) statement of errors at 3-4) (some capitalization omitted).

The trial court examined each of the three issues presented in Appellant's Rule 1925(b) statement, with citations to case law and the transcript of Appellant's jury trial, and concluded the verdicts were not against the weight of the evidence, that the evidence was sufficient to support the verdicts, and that the court properly exercised its discretion by imposing an aggravated range sentence for resisting arrest. ***Id.*** at 3-10.

Appellant's counsel requested and was granted an extension to file Appellant's brief with this Court. Order, 10/5/17. On October 13, 2017, Appellant filed a motion to proceed *pro se.* On October 24, we remanded to the trial court for a ***Grazier*** hearing. By order of January 9, 2018, the trial court determined "that Appellant has made a knowing, voluntary and intelligent waiver of his right to counsel and indicated his desire to proceed in this matter *pro se*. Having met this standard, Appellant is permitted to proceed *pro se* and remains *in forma pauperis*." Trial Court Order, 1/9/18, at 1.

On March 22, 2018, we dismissed Appellant's appeal for failure to file a brief in accordance with the briefing schedule, which established February 20, 2018 as the deadline for filing his brief. Appellant requested reinstatement of his appeal and this Court granted his request, setting May 7, 2018 as the new deadline for filing his brief. Order, 4/10/18, at 1. Appellant complied.

In his "Statement of the Questions Involved," Appellant presents the following seven issues:

1. Did the trial court err when it committed a myriad of violations of the Mental Health Procedures Act culminating in: the constructive denial of counsel at a critical state, an unlawful involuntary committment (*sic*) and a Rule 600/6[th] Amendment speedy trial right's violation?

2. Did the trial court err when it allowed [Appellant] to proceed *pro se* and appointed standby counsel without conducting a waiver colloquy as required by Pa.R.Crim.P. 121?

3. Did the trial court err when it excluded [Appellant] from his trial for exercising his 6th Amendment right to counsel?

4. Did the trial court err when it denied a suppression motion for technical violations [Appellant] was neither arrested nor charged with violating?

5. Did the trial court err when it failed to recuse itself from the recusal hearing on allegations challenging the court's integrity and summarily dismissing the motion without developing the record?

6. Did the trial court err when it sentenced [Appellant] in the aggravated range based on a competency evaluation that he neither consented to nor was [Appellant] assisted by counsel in deciding whether to comply with the evaluation?

7. Did trial counsel provide ineffective assistance for the following: failing to represent [Appellant] at two competency hearings, failing to represent [Appellant] after he was declared incompetent, failing to raise the illegality of 37 Pa. Code 65.4[,] failing to raise the illegality of the burglary convictions 18 Pa.C.S. [§] 3502(d) and failing to raise the illegality of the sentence modification per 42 Pa.C.S. [§] 5505?

Appellant's Brief at 3-4.

As indicated above, the three issues raised in Appellant's Rule 1925(b) statement included weight of the evidence, sufficiency of the evidence, and abuse of discretion with respect to the sentence imposed for resisting arrest. However, his Statement of Questions Involved reveals that Appellant is now asking us to consider seven issues, the first five of which are unrelated to any of the issues preserved for appellate review. As this Court has recognized:

It is well settled that issues not raised before the trial court cannot be advanced for the first time on appeal. Pa.R.A.P. 302(a).

> Issue preservation is foundational to proper appellate review. . . . By requiring that an issue be considered waived if raised for the first time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue.  This jurisprudential mandate is also grounded upon the principle that a trial court . . . must be given the opportunity to correct its errors as early as possible.  Related thereto, we have explained in detail the importance of this preservation requirement as it advances the orderly and efficient use of our judicial resources.  Finally, concepts of fairness and expense to the parties are implicated as well.

> *In re F.C. III*, 607 Pa. 45, 2 A.3d 1201, 1212 (2010) (citations omitted) (finding appellant's constitutional claims waived where he failed to raise them before the lower court, depriving that tribunal of the opportunity to consider and rule upon them); *see also Commonwealth v. Hawkins*, 295 Pa. Super. 429, 441 A.2d 1308, 1312, n.6 (1982) (even issues of constitutional dimension cannot be raised for the first time on appeal pursuant to Pa.R.A.P. 302(a)).  Appellant's failure to raise his constitutional claims before the trial court impedes appellate review, and his failure to develop the record before the trial court interferes with our ability to conduct a meaningful evaluation of the issues raised in Appellant's brief.

*Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013).  Because Appellant's first five issues were not properly preserved for review, we shall not consider them.[1]  Pa.R.A.P. 302(a).

_____

[1] After we reinstated Appellant's appeal, Appellant filed (for the second time) a "Petition for Writ of Mandamus."  Appellant requested, and we denied (for the second time) his petition, stating Appellant's "request[] that the lower court be directed to reply to his untimely, unrequested 1925(b) statement and seek[ing] permission to amend his new 1925(b) statement . . . is DENIED."  Order, 4/18/18, at 1.

- 5 -

In his sixth issue, Appellant asserts trial court error for imposing a sentence in the aggravated range for Appellant's resisting arrest conviction. As such, Appellant presents a challenge to the discretionary aspects of sentence. As this Court reiterated in **Commonwealth v. Schrader**, 141 A.3d 558 (Pa. Super. 2016):

> Preliminarily, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine
>
> > (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).
>
> **Commonwealth v.** [**Antwine**] **Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted).

**Id.** at 563. Here, Appellant's appeal was timely filed and his sentencing issue was preserved in his post-sentence motion. Therefore, he has satisfied the first two parts of the test. However, Appellant has not included a Rule 2119(f) statement of reasons relied upon for allowance of appeal. "If the Commonwealth objects to the appellant's failure to comply with Pa.R.A.P. 2119(f), the sentencing claim is waived for purposes of review." **Commonwealth v.** [**Tyrice**] **Griffin**, 149 A.3d 349, 353 (Pa. Super. 2016) (citation omitted). Because the Commonwealth objected to Appellant's failure

to include a separate Rule 2119(f) statement in his appellate brief, **see** Commonwealth Brief at 13, this issue is waived for our review. **Griffin**, 149 A.3d at 353-54.[2]

In his final issue, Appellant contends that trial counsel was ineffective for failing to represent him at two competency hearings, failing to represent him after he was declared incompetent, failing to raise the illegality of the underlying burglary sentences for which he was on probation when arrested for resisting arrest and disorderly conduct, and failing to raise the illegality of a sentence modification. This claim, just as Appellant's first five claims, was not preserved for appeal in his Rule 1925(b) statement. Therefore, we may not consider it. Pa.R.A.P. 302(a).

Appellant recognizes that claims of ineffectiveness are generally to be raised on collateral review. Appellant's Brief at 24. Without citation to case

---

[2] Even if not waived, Appellant's sentencing issue is devoid of merit. As the trial court explained in its Rule 1925(a) opinion, the court had the benefit of a pre-sentence report, evidencing its awareness of relevant information. Trial Court Opinion, 8/18/17, at 9 (citing **Commonwealth v. Devers**, 546 A.2d 12, 18 (Pa. Super. 1988)). Further, the trial court noted that Appellant had "demonstrated both an inability and unwillingness to conform his behavior to the reasonable rules of society;" exhibited a "do whatever he wants to do" attitude, making him unusually resistant to treatment; "was openly hostile, disrespectful and defiant even when redirected by the court;" "refused to cooperate with trial counsel and to participate respectfully at every court proceeding;" and used offensive, vulgar language in addressing the trial judge and in referring to his probation officer. **Id.** at 9-10. Consequently, "[f]or the protection of the community, and to give Appellant a reasonable amount of time to address his addiction and his need for long-term mental health treatment," the court imposed a sentence in the aggravated range. **Id.** at 10.

law, he suggests that the ineffectiveness here is so "blatant" that it should be considered on direct appeal and represents that he "waives his right to PCRA review of these issues." ***Id.***

In ***Commonwealth v. Baker***, 72 A.3d 652 (Pa. Super. 2013), this Court explained:

> As the law currently stands, a valid waiver of PCRA review is a prerequisite to appellate review of ineffectiveness claims on appeal. Because our Supreme Court and this Court *en banc* have instructed that ineffectiveness claims are generally not reviewable on direct appeal, before reviewing such a claim on direct appeal, it is incumbent upon this Court to determine whether a defendant expressly, knowingly and voluntarily waived his or her right to PCRA review.

***Id.*** at 665-66 (citations omitted). Because Appellant's purported waiver does not constitute an express, knowing and voluntary of waiver of his right to PCRA review, this Court would not be in a position to review an ineffectiveness claim, even if preserved. Appellant is entitled to raise his ineffectiveness issues in a PCRA petition, along with any other claims for post-conviction relief, if he so chooses and as the law allows.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  <u>10/22/2018</u>