J-S45007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALISON RUTH SMITH | : | |
| | : | |
| Appellant | : | No. 862 MDA 2025 |

Appeal from the Judgment of Sentence Entered June 17, 2025
In the Court of Common Pleas of Cumberland County
Criminal Division at No: CP-21-CR-0000840-2024

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED: APRIL 1, 2026**

Appellant, Alison Ruth Smith, seeks review of the judgment of sentence entered by the Court of Common Pleas of Cumberland County (trial court). In 2025, Appellant was found guilty after a jury trial of one count of aggravated assault of a designated individual (a health care practitioner). She was sentenced to a mitigated-range prison sentence of six to 23 months. Appellant now argues that the judgment of sentence must be vacated because the evidence was legally insufficient; the jury was erroneously instructed about evidence of Appellant's mental health; and the conviction was against the weight of the evidence. Finding no merit in any of these claims, we affirm.

The trial court aptly has summarized the underlying facts of this case as follows:

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 20, 2024, the Appellant checked herself into Holy Spirit Hospital for voluntary mental health treatment. At approximately 11:53 p.m., the Appellant left her room and created a commotion in the emergency room by yelling, screaming, and swearing. Hospital staff attempted to calm her down. When these efforts failed, the staff attempted to walk the Appellant back into her room. The Appellant did not return to her room willingly and instead physically fought with the staff. In the ensuing fracas the Appellant grabbed and bit into [Nurse] Amy Muggio's arm. Nurse Michelle Hull's arm was also grabbed and scratched during the incident. Upon releasing [N]urse Muggio, the Appellant said of the nurse, "that bitch deserved it."

On April 1, 2025, a jury convicted the Appellant of one count of Aggravated Assault for biting [N]urse Muggio. The jury acquitted the Appellant of the second count in relation to [N]urse Hull. On June 17, 2025, the Appellant was sentenced to a mitigated range sentence of 6 to 23 months incarceration. On June 23, 2025, the Appellant filed a timely post-sentence motion [asserting, *inter alia*, that the verdict was against the weight of the evidence]. Her motion was denied on June 24, 2025, and this appeal follows.

Trial Court 1925(a) Opinion, 7/29/2025, at 1-2 (footnotes omitted).

In Appellant's brief, she now raises the three following issues for our consideration:

1. Was the evidence presented at trial insufficient to prove beyond a reasonable doubt that Appellant was guilty of aggravated assault - attempts to cause or causes [bodily injury] to designated individuals (18 Pa.C.S.A. § 2702(a)(3))?

2. Did the trial court err and abuse its discretion by charging the jury with the Commonwealth's proposed instruction regarding the mental health of Appellant, over the objection of defense counsel?

3. Did the [trial] court err and abuse its discretion by supporting a finding of guilt on the charge of aggravated assault - attempts to cause or causes [bodily injury] to designated individuals (18 Pa.C.S.A. § 2702(a)(3)) against the weight of the evidence, considering the evidence presented regarding Appellant's state of mind?

- 2 -

Appellant's Brief, at 8-9 (issues renumbered, suggested answers omitted).[1]

Appellant's first claim is that the evidence presented at trial was legally insufficient to sustain her conviction of aggravated assault of a designated individual (18 Pa.C.S.A. § 2702(a)(3)).

When reviewing a challenge to the sufficiency of the evidence, this Court must assess:

> whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict[-]winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no facts supporting a finding of guilt may be drawn. The fact-finder, when evaluating the credibility and weight of the evidence, is free to believe all, part, or none of the evidence.

***Commonwealth v. Thompson***, 934 A.2d 1281 (Pa. Super. 2007) (citations omitted).

A person commits the offense of aggravated assault by intentionally or knowingly causing bodily injury to a person enumerated under subsection 2702(c) while that person is performing a duty. ***See*** 18 Pa.C.S.A. §

---

[1] In her 1925(b) Statement, Appellant had raised two additional issues in which she claimed that the verdict was against the weight of the evidence, and that trial court erroneously limited her cross-examination of Commonwealth's witnesses on the subject of Appellant's mental health. Appellant expressly has abandoned these two issues in her brief, ***see*** Appellant's Brief, at 19-21, making it unnecessary for this Court to evaluate their merits.

2702(a)(3). A health care practitioner is one such enumerated person for the purposes of this offense. *See* 18 Pa.C.S.A. § 2702(c)(39). "Bodily injury" means an "impairment of physical condition or substantial pain." 18 Pa.C.S.A. § 2301.

The intent element of aggravated assault may be proven with evidence of an intentional or knowing act:

> (1) A person acts intentionally with respect to a material element of an offense when:
>
> > (i) if the element involves the nature of his conduct or a result thereof, it is his conscious object to engage in conduct of that nature or to cause such a result; and
> >
> > (ii) if the element involves the attendant circumstances, he is aware of the existence of such circumstances or he believes or hopes that they exist.
>
> (2) A person acts knowingly with respect to a material element of an offense when:
>
> > (i) if the element involves the nature of his conduct or the attendant circumstances, he is aware that his conduct is of that nature or that such circumstances exist; and
> >
> > (ii) if the element involves a result of his conduct, he is aware that it is practically certain that his conduct will cause such a result.

18 Pa.C.S.A. § 302(b)(1)-(2).

The Commonwealth may prove a defendant acted intentionally or knowingly through either direct or circumstantial evidence, and intent may be inferred from acts, conduct, or attendant circumstances. *See Commonwealth v. Matthews*, 870 A. 2d 924, 929 (Pa. Super. 2004); *see*

- 4 -

*also Commonwealth v. Martuscelli*, 54 A.3d 940, 948 (Pa. Super. 2012) (same).

Here, it is undisputed that the victim, Nurse Amy Muggio, is a health care practitioner, *see* 18 Pa.C.S.A. § 2702(c)(39), who was performing her medical duties at the time Appellant bit her arm and caused a bodily injury. *See* Appellant's Brief, at 23-24. Appellant contends only that the evidence of her intent to cause that bodily injury was legally insufficient. More specifically, Appellant argues that she entered Holy Spirit Hospital to undergo a voluntary health care commitment because she was "experiencing a mental health crisis." Appellant's Brief, at 24. According to Appellant, the evidence shows that she bit Nurse Muggio during an unintentional reaction to unwanted touching from hospital staff. *See id.*, at 26-27; *see also* N.T. Trial, 3/31/2025, at 53.

While Appellant's testimony regarding her state of mind was evidence which would tend to disprove criminal intent, the jury was entirely free to disbelieve Appellant's explanation. The jury was permitted to instead credit the evidence that Appellant deliberately behaved aggressively toward hospital staff, and that she bit Nurse Muggio continuously for about 45 seconds. *See* N.T. Trial, 3/31/2025, at 59. It was undisputed at trial that, moments after the incident, Appellant said, "that bitch deserved it." *Id.*, at 63, 105-06.

Appellant's statement, in particular, was evidence from which it could reasonably be inferred that she acted intentionally, or knowingly, when she bit Nurse Muggio. *See* 18 Pa.C.S.A. § 302(b)(1)-(2). It showed that Appellant

understood the nature of her actions and consciously engaged in conduct that she knew would result in bodily injury. That is, the comment suggested that Appellant believed she was justified in harming Nurse Muggio, wanted to cause her bodily injury, and engaged in conduct she knew with certainty would cause such harm. Thus, the evidence of Appellant's intent to cause bodily injury was legally sufficient to sustain her aggravated assault conviction.

Appellant's second claim is that the trial court confused or misled the jury by instructing it on how to weigh evidence regarding Appellant's mental health. *See* Appellant's Brief, at 28-30.

Our standard of review for challenges to jury instructions is "to determine whether the trial court committed a clear abuse of discretion or an error of law controlling the outcome of the case." ***Commonwealth v. Bradley***, 232 A.3d 747, 759 (Pa. Super. 2020) (quoting ***Commonwealth v. Chambers***, 980 A.2d 35, 50 (Pa. 2009)). An abuse of discretion is not "merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." ***Commonwealth v. Santos***, 176 A.3d 877, 882 (Pa. Super. 2017) (quoting ***Commonwealth v. Antidormi***, 84 A.3d 736, 749-50 (Pa. Super. 2014)).

"A charge will be found adequate unless the issues are not made clear, the jury was misled by the instructions, or there was an omission from the charge amounting to a fundamental error." *Id*. (quoting ***Chambers***, 980 A.2d

at 50). "The trial court is free to use its own expression as long as the concepts at issue are clearly and accurately presented to the jury." *Id*. (quoting *Commonwealth v. Eichinger*, 915 A.2d 1122, 1138 (Pa. 2007)).

It is the trial court's "duty to clarify the relevant issues 'so that the jury may comprehend the questions they are to decide and not only to state to the jury the correct principles of law applicable to the pending case.'" *Commonwealth v. Hawkins*, 441 A. 2d 1308, 1313-14 (Pa. Super. 1982) (quoting *Commonwealth v. Davison*, 364 A.2d 425, 429 (Pa. Super. 1976)).

Here, Appellant challenges the following instruction concerning her mental state and the absence of an insanity defense:

> Remember it's the intentional or knowing. [Appellant] has not asserted a defense of mental instability. Therefore, you are not to consider any evidence of mental instability as a defense to the crime charged. You may consider the [Appellant's] state of mind with regard to her forming the intent.

N.T. Trial, 4/1/2025, at 49.

We find that the trial court did not abuse its discretion or commit an error of law in giving this instruction. In fact, the instruction may have been needed to *avoid* jury confusion on the issue of Appellant's intent to cause Nurse Muggio bodily injury.

In Pennsylvania, a defendant may assert the defense of insanity based on either a cognitive or moral incapacity. *See generally Commonwealth v. Andre*, 17 A.3d 951, 961 (Pa. Super. 2011). "Where the defendant alleges that [s]he did not know what [s]he was doing, [s]he is presenting a cognitive

incapacity insanity defense. On the other hand, if the defendant submits that [s]he did not understand that what he was doing was wrong, [s]he is advancing a moral incapacity defense." *Id*. If a timely defense of insanity is presented, the trier of fact may then consider four possible verdicts: "not guilty, guilty, not guilty by reason of insanity, and guilty but mentally ill." *Id*., at 961.

"[T]he Commonwealth must establish criminal intent before the issue of insanity is reached; however, the defense of legal insanity can, on those occasions when one is asserting cognitive incapacity, render a person incapable of forming criminal intent." *Id*. (citing **Commonwealth v. Trill**, 543 A.2d 1106, 1127 (Pa. Super. 1988)). "[It] is possible than an individual has the necessary *mens rea* [for a knowing and intentional act] when he or she knows what she is doing, but does not know that it is wrong." *Id*., at 960.

In such a scenario, "the defendant intends to commit the act; however, he does not believe that the action is wrong." *Id***.** The jury could therefore find that the defendant was guilty of committing an assault – having engaged in knowing or intentional conduct – but that issue would be *separate* from whether the defendant was insane, *i.e.*, "laboring from a defect of reason so grave as to not have known the nature and quality of the acts they were doing, or if they did know the nature and quality of the acts, they were unable to comprehend that what they were doing was wrong." *Id*.

Generally, then, the trial court may properly instruct the jury that "it must first determine that the Commonwealth has proven beyond a reasonable doubt the criminal intent element of the crime before addressing the insanity defense." *Id*. (citing *Commonwealth v. Rabold*, 951 A.2d 329 (Pa. 2008); *Commonwealth v. duPont*, 730 A.2d 970, 979 (Pa. Super. 1999); *Trill*, 543 A.2d 1106). It also follows that the trial court does not err in instructing the jury to refrain from making a finding on insanity where ostensible evidence of insanity has been introduced through the defendant's testimony, but an insanity defense has not even been asserted. *See id*.

At trial, Appellant testified that she did not intend to harm Nurse Muggio because she was mentally unstable at the time of the incident and did not fully understand, or have control of, what she was doing. She claimed she did not recall the incident, and that her reaction was the result of traumatic physical and sexual abuse which made her susceptible to violent outbursts when involuntarily touched by others. However, Appellant did not present an insanity defense, having failed to timely notify the Commonwealth that such a defense would be raised, so the jury was not charged on such a defense and the issue was not before it. *See Andre*, 17 A.3d at 959-61; *see also Commonwealth v. Cuevas*, 832 A.2d 388 (Pa. 2003) (same).

Accordingly, although the evidence of Appellant's conduct and mental state at the time of the incident was relevant as to whether she had formed criminal intent to cause Nurse Muggio bodily harm, the jury was precluded from determining whether the evidence supported a legal defense of insanity

or mental illness. ***See Andre***, 17 A.3d at 959-61. The trial court's instruction merely clarified this point to the jury, and it was not couched in a way that was ambiguous, confusing, or misleading. Thus, Appellant's claim has no merit.

Appellant's third and final claim is that the trial court erred in denying her post-sentence motion in which she asserted that the verdict was against the weight of the evidence. ***See*** Appellant's Brief, at 31-35.

A motion for a new trial based on the weight of the evidence "concedes that there is sufficient evidence to sustain the verdict." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000). The role of the trial court in ruling on such a motion is "to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." ***Id***., at 752 (citation omitted). A defendant may prevail upon such a claim when the evidence is "so tenuous, vague and uncertain that the verdict shocks the conscience of the [trial court.]" ***Commonwealth v. Talbert***, 129 A.3d 536, 545 (Pa. Super. 2015) (internal citation omitted). "An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court." ***Widmer***, 744 A.2d at 751-52.

"A review of a weight claim is a review of the [trial court's] exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013). The reviewing court "will give the gravest consideration" to the trial

court's findings of fact, as well as the trial court's reasoning. **See id**. "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." **Id**. (quoting **Widmer**, 744 A.2d at 753).

The Appellant argues that the verdict was against the weight of the evidence because she offered a compelling explanation as to why she lacked intent to commit an aggravated assault. However, at trial, the Commonwealth presented evidence that the Appellant indeed acted with the requisite intent to harm Nurse Muggio, as discussed above. The jury, sitting as the fact finder, weighed the conflicting evidence and declined to find Appellant credible. The verdict is supported by the record, and we discern no basis in fact or law upon which to conclude that the trial court abused its discretion in denying Appellant's post-trial motion on that ground.

Judgment of sentence affirmed.


Judgment Entered.


_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/1/2026